**Diane P. GILES, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 06–0056C.**

United States Court of Federal Claims.

Aug. 3, 2006.

Diane P. Giles, Mumbai, India, pro se, Plaintiff.

Claudia Burke, with whom were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Todd M. Hughes, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

### OPINION AND ORDER

WHEELER, Judge.

Plaintiff, Diane P. Giles, brought this action to recover her alleged share of proceeds for being a relator under the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730 *et seq.* Defendant has filed a motion to dismiss the action for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of this Court. Defendant asserts that the federal district courts have exclusive jurisdiction over False Claims Act *qui tam* actions. For the reasons stated below, Defendant's motion is GRANTED, and Plaintiff's complaint shall be DISMISSED with prejudice for lack of subject matter jurisdiction.

### Factual Background

Plaintiff, Ms. Giles, was employed as an auditor for the City of Los Angeles from March 1994 through September 1994. Compl. ¶ 23. Ms. Giles reviewed invoices and supporting documentation submitted by contractors hired to remove debris following the January 1994 Los Angeles area earthquake. Compl. at Exh. 48.

On March 20, 1996, Ms. Giles filed a complaint in the United States District Court for the Central District of California ("District Court") alleging that, in the course of her

work as an auditor, she found that some debris removal contractors were submitting false claims for payment, in violation of the False Claims Act. Compl. at Exh. 49. Ms. Giles contends that she alerted the City of Los Angeles of the alleged fraud but that her concerns were ignored. *Id.* Ms. Giles also alleged that the Federal Emergency Management Agency ("FEMA") reimbursed the City of Los Angeles for debris removal costs, but that the City later repaid a portion of these funds to the Federal Government. Compl. at 49, 65. The United States declined to intervene in the District Court action.

On January 27, 2002, after protracted litigation, the District Court granted Defendants' motion for summary judgment, ruling that, while innocent mistakes or neglect may have occurred, Ms. Giles had failed to make a showing that City employees knowingly presented false claims for payment. Compl. at Exh. 53–54 (citing 31 U.S.C. § 3729(a)(1)). On April 17, 2002, the District Court denied without prejudice Ms. Giles' request for a portion of the money that the City of Los Angeles returned to the Federal Government. Compl. at Exh. 64–65. The District Court stated that, if Ms. Giles were to prevail upon the merits of her *qui tam* action on appeal, she may be entitled to some payment pursuant to 31 U.S.C. § 3730(d)(2). Compl. at Exh. 65. Ms. Giles, however, did not prevail on appeal. The Ninth Circuit Court of Appeals affirmed the District Court's grant of summary judgment for Defendants on December 14, 2004. Compl. at Exh. 100–103.

On January 23, 2006, Ms. Giles filed her complaint in this Court seeking a portion of the payments that the City of Los Angeles refunded to the Federal Government. On May 23, 2006, Defendant filed its motion to dismiss for lack of subject matter jurisdiction.

### Discussion

#### A. Standard of Review

This Court must dismiss for lack of subject matter jurisdiction when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." *McCau-*

*ley v. United States,* 38 Fed.Cl. 250, 263 (1997) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See also Davis v. Monroe County Bd. of Educ.,* 526 U.S. 629, 654, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999).

The Court recognizes that Ms. Giles is appearing *pro se,* and will hold her to a less stringent standard than if her pleadings were drafted by an attorney. *See Reed v. United States,* 23 Cl.Ct. 517, 521 (1991) (citing *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The fact that Ms. Giles is proceeding *pro se,* however, does not change the legal standard of Plaintiff's burden on subject matter jurisdiction. Even *pro se* plaintiffs have the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Tindle v. United States,* 56 Fed.Cl. 337, 341 (2003). As explained below, the Court concludes that Plaintiff cannot meet this standard.

#### B. Qui Tam Relator Suits Must be Brought in Federal District Court.

Ms. Giles contends that she is owed money pursuant to the *qui tam* suit that she filed in 1996 in the District Court. However, *qui tam* actions are governed by the False Claims Act, 31 U.S.C. § 3730 *et seq.* Jurisdiction over *qui* tam actions is conferred by 31 U.S.C. § 3732(a). That subsection provides:

Any action under section 3730 may be brought in any *judicial district* in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed be section 3729 occurred. A summons as required by the Federal Rules of Civil Procedure shall be issued by *the appropriate district court* and served at any place within or outside the United States.

(Emphasis added).

The Federal Circuit has construed 31 U.S.C. § 3732(a) as conferring upon the district courts exclusive jurisdiction over *qui tam* claims. *LeBlanc v. United States,* 50 F.3d 1025, 1031 (Fed.Cir.1995) ("[Q]ui tam suits may only be heard in the district courts.

31 U.S.C. § 3732(a).") *See also Stinson, Lyons & Bustamante, P.A. v. United States,* 33 Fed.Cl. 474, 480 (1995) (applying *LeBlanc* and dismissing *qui tam* claim for lack of subject matter jurisdiction).

Plaintiff's complaint asserts claims only under 31 U.S.C. § 3730. Compl. ¶ 2. Specifically, her claim is to share in the proceeds that the City of Los Angeles refunded to the Federal Government, pursuant to 31 U.S.C. § 3730(d) (permitting parties to share in recovered proceeds in certain circumstances). The relief that Ms. Giles is requesting falls squarely under section 3730, and this Court lacks jurisdiction to hear such a claim.

As Defendant notes, Ms. Giles already has litigated the question of whether the City of Los Angeles knowingly presented false claims to FEMA, and that claim has been adjudicated against her by the District Court. To the extent that Ms. Giles raises an alternative request for relief—a share of the proceeds collected by FEMA—the District Court expressly stated that "Relator [Giles] may be free to continue to prosecute the lawsuit should the Ninth Circuit reverse this Court's decisions ... If Relator subsequently prevailed on her lawsuit by establishing liability and damages, she would then potentially be entitled to an individual share of the proceeds under 31 U.S.C. § 3730(d)(2)." Compl. at Exh. 65. However, Ms. Giles did not prevail before the Ninth Circuit, and even if she still possesses a claim, the False Claims Act requires her to seek her share of any proceeds in district court. This Court lacks jurisdiction over Ms. Giles's complaint.

### Conclusion

For the above reasons, this Court does not have subject matter jurisdiction over Plaintiff's suit, and Defendant's motion to dismiss is GRANTED. Plaintiff's complaint shall be DISMISSED with prejudice for lack of subject matter jurisdiction.

IT IS SO ORDERED.