Filed 1/30/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SCOTT M. DRISCOLL, | F066550 |
| Petitioner, | |
| | (Super. Ct. No. MCV057183) |
| v. | |
| THE SUPERIOR COURT OF MADERA COUNTY, | **OPINION** |
| Respondent; | |
| TODD SPENCER et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate. James E. Oakley, Judge.

Bartley Law Offices, Daniel R. Bartley for Petitioner.

No appearance for Respondent.

McCormick, Barstow, Sheppard, Wayte & Carruth, Jerry D. Casheros, Todd W. Baxter, and Scott M. Reddie for Real Parties in Interest.

-ooOoo-

Petitioner Scott M. Driscoll, M.D., is the defendant and cross-complainant in a civil lawsuit filed in state court. Driscoll filed an amended cross-complaint against plaintiffs Todd Spencer, M.D. Medical Group, Inc., and Todd Spencer, M.D. (hereafter referred to collectively as Spencer or real parties in interest). Driscoll alleged a claim of

retaliation in violation of title 31 United States Code section 3730(h), which is part of the federal False Claims Act (FCA) (31 U.S.C. § 3729 et seq.). Spencer filed a demurrer asserting the trial court had no jurisdiction over the FCA claim, and the trial court sustained the demurrer to the claim without leave to amend.

Driscoll petitioned this court for a writ of mandate directing the trial court to vacate its order sustaining the demurrer to his FCA claim. We asked for an informal response from real parties in interest and then issued an order to show cause why the relief prayed for in the petition should not be granted. We now conclude that state courts have concurrent jurisdiction over FCA retaliation claims such as Driscoll's and, consequently, we grant the requested relief.

### FACTUAL AND PROCEDURAL HISTORIES

Spencer initiated this state court action by filing a complaint against Driscoll in Madera County Superior Court. (*Todd Spencer, M.D. Medical Group, Inc., and Todd Spencer, M.D. v. Scott M. Driscoll, M.D.* (Super. Ct. Madera, 2011, No. MCV057183).) Spencer alleged claims of defamation, corporate disparagement, interference with contract, interference with prospective economic advantage, fraud, slander, breach of contract, and breach of the implied covenant of good faith and fair dealing.

Subsequently, Driscoll filed a complaint, under seal, in the United States District Court for the Eastern District of California. Driscoll named Spencer and two hospitals as defendants and asserted, among other claims, a cause of action for retaliation under the FCA.

At the time an answer was due in the state court action, Driscoll filed a cross-complaint alleging whistleblower retaliation and wrongful termination. His first cause of action was for retaliation under the FCA. Spencer filed a demurrer to certain causes of action. The trial court overruled the demurrer in part and sustained the demurrer in part with leave to amend.

On September 29, 2012, Driscoll filed a first-amended cross-complaint. Driscoll alleged he had worked for the M.D. Medical Group, Inc., as a radiologist for over two

2.

years when he was demoted and then terminated.  He alleged the primary motivating factors in these employment actions were (1) his demands that he be paid for excess hours worked and (2) his complaints about billing practices that he believed to be fraud against Medicare and Medi-Cal.[1]  Again, his first cause of action was for retaliation under the FCA.

On November 2, 2012, Spencer filed a second demurrer.  With respect to the first cause of action, they alleged the trial court lacked subject matter jurisdiction.  Spencer argued:  "It does not appear that a claim under the Federal False Claims Act for retaliation in violation of 31 U.S.C. Section 3730(h) has ever been resolved in a state court, and the express language of the statute providing for action in an 'appropriate district court' makes clear that this Court has no jurisdiction of the claim."

The trial court heard argument on Spencer's demurrer on December 3, 2012.  Driscoll's attorney argued there must be an explicit statement of exclusive federal jurisdiction in the statute in order to find that state courts lack subject matter jurisdiction over claims brought under that statute.  As an example of an explicit statement, he cited the Employment Retirement Income Security Act (ERISA) (29 U.S.C. § 1001 et seq.).[2]  Driscoll's attorney asserted the FCA has no similar statement of exclusive jurisdiction.  He further argued that, "case law all indicates that an action … may be brought in state court."

---

[1]Presumably, the original cross-complaint contained similar allegations, but the original cross-complaint was not included as an exhibit to the writ petition.

[2]Driscoll's attorney suggested the court "take a look at the ERISA Statute," although he did not provide a citation or quote from the statute.  The civil enforcement provision of ERISA provides, "Except for actions [by a participant or beneficiary for benefits due to him or her under the terms of the plan], the district courts of the United States shall have *exclusive* jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person .…"  (29 U.S.C. § 1132(e)(1), italics added.)

The trial court indicated that it was inclined to sustain the demurrer to the first cause of action. The court explained:

> "I think you stated that it has to be an express statement of sole jurisdiction in the statute which may be an example of ERISA, but I think the … standard is really different. It needs to be either express or implied. And to me this would have been really superfluous language to be included in there specifically with respect to directing that it be filed in the district court. And as counsel pointed out in her points and authorities there really are no cases. This has been around for a while and there are no cases which directly deal with it. There are some general proposition[s], of course, that the [state] courts have concurrent jurisdiction and there is some dicta. I think the case … cited on that was [*United States ex rel. Hindo v. University of Health Sciences*[3]].… It does not appear to have directly addressed this issue and so I would be surprised, I think, that this Court would have jurisdiction in light of the wording of the statute and in light of the fact that there really has been no California law on this statute at all."

Later in the hearing, the court stated, "[T]he Court still, I think, has to look at the standard, … [and] the best I can make of the language in this particular statute is that it's to be filed in the district court and there's at least an implied statement in that, that it not be filed in the state court." The court asked Spencer's attorney to prepare an order on the demurrer.

On December 26, 2012, the trial court's order on Spencer's demurrer, which overruled the demurrer with respect to six claims and sustained the demurrer with respect

---

[3]Driscoll cites *United States ex rel. Hindo v. University of Health Sciences/Chicago Medical School* (N.D.Ill. Dec. 8, 1993, No. 91C1432) 1993 WL 512609, in his writ petition. In *Hindo*, the district court held that res judicata applied to preclude the plaintiff's FCA retaliation claim because the plaintiff had already filed a retaliation action in state court related to the same employment actions. In reaching its conclusion, the court noted, "[The plaintiff] could have brought a 31 U.S.C. § 3730(h) claim in the state action because state and federal courts have concurrent jurisdiction over claims brought under the False Claims Act." (*Hindo, supra,* at p.*2.) The Seventh Circuit affirmed the judgment in *Hindo*, but the plaintiff did not appeal the dismissal of the FCA retaliation claim on res judicata grounds. (*Hindo v. University of Health Sciences* (7th Cir. 1995) 65 F.3d 608, 614.) Thus, the Seventh Circuit had no occasion to consider the issue.

4.

to two claims, was signed and filed. As relevant to this petition, the trial court sustained the demurrer to the first cause of action, FCA retaliation, without leave to amend.

On January 30, 2013, Driscoll petitioned this court for a writ of mandate and/or prohibition or other appropriate relief and requested a stay of the court's order. On February 6, 2013, we granted real parties in interest leave to file an informal response to address *Soni v. Boston Medical Center Corp.* (D.Mass. 2009) 683 F.Supp.2d 74, 94-95 (*Soni*). In *Soni*, the district court concluded that state courts have concurrent jurisdiction over FCA claims. The court observed, "The only courts that appear to have addressed the issue have concluded that state courts have concurrent jurisdiction over civil actions brought under the FCA." (*Soni, supra,* at p. 94.)

An informal response was filed February 26, 2013. On March 1, 2013, we issued an order staying the trial pending further order of this court and directing real parties in interest to show cause why the relief prayed for should not be granted. On April 17, 2013, real parties in interest filed a return. Driscoll did not file a reply.

## *DISCUSSION*

### I.      *Grounds for writ relief*

When a demurrer is sustained without leave to amend to fewer than all of the causes of action, review through a petition for extraordinary relief may be appropriate. (*Campbell v. Superior Court* (1996) 44 Cal.App.4th 1308, 1314-1315.) "[M]andamus will lie when it appears that the trial court has deprived a party of an opportunity to plead his cause of action or defense, and when extraordinary relief may prevent a needless and expensive trial and reversal." (*Taylor v. Superior Court* (1979) 24 Cal.3d 890, 894.) In *Campbell*, *supra*, at page 1315, for example, the trial court sustained the insurer's demurrer to the insured's claim for breach of the implied covenant of good faith and fair dealing. The appellate court granted writ relief to consider "the novel and important question" whether an allegation of an insurer's unjustified refusal to defend an insured is

5.

sufficient to state a cause of action for breach of the covenant of good faith and fair dealing. (*Id.* at pp. 1314-1315.)[4]

Further, courts have recognized that review by means of extraordinary writ is warranted "when the demurrer raises an important question of subject-matter jurisdiction .…" (*San Diego Gas & Electric Co. v. Superior Court* (1996) 13 Cal.4th 893, 913 [listing cases].)

Here, the trial court's ruling has deprived Driscoll of an opportunity to plead one of his claims, and the petition raises a novel issue, which is also a question of subject matter jurisdiction. For these reasons, we conclude writ relief is appropriate to resolve this question: Do state courts have concurrent jurisdiction over retaliation claims brought under the FCA?

## II.    *Standard of review for demurrer*

In reviewing the trial court's order in this case, we apply the same standard of review we use in reviewing an order sustaining a demurrer on appeal. (E.g., *Campbell v. Superior Court*, *supra,* 44 Cal.App.4th at pp. 1310-1311.) We accept as true all material facts properly pleaded. (*Ibid.*) We review de novo rulings on subject matter jurisdiction where the question is purely one of law. (*Singletary v. International Brotherhood of Electrical Workers, Local 18* (2012) 212 Cal.App.4th 34, 41.) We also review de novo issues of statutory construction. (*Regents of University of California v. Superior Court* (2013) 220 Cal.App.4th 549, 558.)

## III.    *Trial court has concurrent jurisdiction over FCA retaliation claim*

We begin with the presumption that state courts have concurrent jurisdiction over federal law claims. (*Cianci v. Superior Court* (1985) 40 Cal.3d 903, 910 (*Cianci*).[5]) The

---

[4]After considering the question, the *Campbell* court concluded the insured did state a cause of action and directed the trial court to set aside its order sustaining the demurrer. (*Campbell v. Superior Court, supra,* 44 Cal.App.4th at p. 1322.)

[5]In *Cianci*, *supra*, 40 Cal.3d at page 907, the California Supreme Court held that state courts have concurrent jurisdiction with federal courts over civil claims brought

United States Supreme Court has explained it is axiomatic that, "under our federal system, the States possess sovereignty concurrent with that of the Federal Government, subject only to limitations imposed by the Supremacy Clause." (*Tafflin v. Levitt* (1990) 493 U.S. 455, 458 (*Tafflin*).) Thus, the Supreme Court has "consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." (*Ibid.*)

"This deeply rooted presumption in favor of concurrent state court jurisdiction is, of course, rebutted if Congress affirmatively ousts the state courts of jurisdiction over a particular federal claim." (*Tafflin*, *supra*, 493 U.S. at p. 459.) Congress may limit jurisdiction to the federal courts either explicitly or implicitly. (*Gulf Offshore Co. v. Mobile Oil Corp.* (1981) 453 U.S. 473, 478 (*Gulf Offshore*).) "[T]he presumption of concurrent jurisdiction can be rebutted [1] by an explicit statutory directive, [2] by unmistakable implication from legislative history, or [3] by a clear incompatibility between state-court jurisdiction and federal interests." (*Ibid.*)

We now turn to the federal law at issue to determine whether Congress affirmatively ousted the state courts of jurisdiction over FCA retaliation claims. We consider the three methods of rebutting the presumption of concurrent jurisdiction recognized in *Gulf Offshore*.

Generally, the FCA "prohibits false or fraudulent claims for payment to the United States, [citation], and authorizes civil actions to remedy such fraud to be brought by the Attorney General, [citation], or by private individuals in the Government's name, [citation]." (*Rockwell Int'l Corp. v. United States* (2007) 549 U.S. 457, 463.) A claim brought by an individual on the government's behalf is called a qui tam claim. (*Ibid.*)

In addition, the FCA "protects 'whistle blowers' from retaliation by their employers." (*Moore v. California Institute of Technology* (9th Cir. 2002) 275 F.3d 838,

---

under the Racketeer Influenced and Corrupt Practices Act (RICO) (18 U.S.C. § 1961 et seq.).

845.)  Driscoll's claim is based on this part of the FCA.  His first cause of action is brought under title 31 United States Code section 3730(h), which provides:

> "Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop [one] or more violations of this subchapter." (31 U.S.C. § 3730(h)(1).)

The statute further provides, "An action under this subsection may be brought in the appropriate district court of the United States for the relief provided in this subsection."  (31 U.S.C. § 3730(h)(2).)  Title 31 United States Code section 3732(a) also provides, "Any action under section 3730 may be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred."

The FCA does not contain "an explicit statutory directive" ousting state court jurisdiction.  (*Gulf Offshore, supra*, 453 U.S. at p. 478.)  The FCA does confer jurisdiction to the federal district courts, but "[i]t is black letter law … that the mere grant of jurisdiction to a federal court does not operate to oust a state court from concurrent jurisdiction over the cause of action."  (*Gulf Offshore, supra,* at p. 479.)

Real parties in interest argue that the fact that Title 31 United States Code section 3732 is titled "False claims jurisdiction" is indication that federal courts have exclusive jurisdiction.  This argument ignores the Supreme Court's recognition that the grant of jurisdiction to federal courts does not, by itself, divest state courts of their presumed concurrent jurisdiction.  (*Gulf Offshore, supra*, 453 U.S. at p. 479.)

In addition, after reviewing various federal statutes and United States Supreme Court case law, the California Supreme Court concluded that the presumption of state court concurrent jurisdiction arises "when the jurisdictional provision in question is silent as to the jurisdiction of state courts."  (*Kingston Constructors, Inc. v. Washington*

8.

*Metropolitan Area Transit Authority* (1997) 14 Cal.4th 939, 948, italics omitted.)  For example, state courts have concurrent jurisdiction over civil actions brought under title VII of the Civil Rights Act of 1964 (Title VII) (42 U.S.C. § 2000e et seq.).  (*Yellow Freight System, Inc. v. Donnelly* (1990) 494 U.S. 820, 826.)  The jurisdictional provision for Title VII provides that district courts "shall have jurisdiction of actions" under the law (42 U.S.C. § 2000e-5(f)(3)), but our Supreme Court observed, "[t]here is not a word about state courts or their jurisdiction." (*Kingston Constructors*, *supra*, at p. 948 [state courts also have concurrent jurisdiction over claims brought under RICO, Outer Continental Shelf Lands Act of 1953, and Labor Management Relations Act of 1947; jurisdictional provisions of these statutes are silent on state court jurisdiction].)

Similarly, in this case the FCA's jurisdiction provision does not mention state courts or their jurisdiction, and, as a result, we presume state courts share concurrent jurisdiction over FCA claims.  We note that at least one court has concluded that the language of the statute alone establishes that state courts share concurrent jurisdiction with federal courts over FCA claims.  In *U.S. ex rel. Paul v. PBQ&D* (S.D.Tex. 1994) 860 F.Supp. 370, 375 (*Paul*), the court held:  "The False Claims Act states that an action arising under it 'may' be brought in federal court.  31 U.S.C. § 3732 (1986).  Thus, pursuant to the language of the statute, there is concurrent jurisdiction between the federal and state courts."

We next consider whether an "unmistakable implication from legislative history" establishes that federal courts have exclusive jurisdiction over FCA claims.  (*Gulf Offshore, supra*, 453 U.S. at p. 478.)  Real parties in interest offer no argument related to the legislative history of the FCA.  Courts that have considered this issue have uniformly found no implication that Congress intended to grant federal courts exclusive jurisdiction over FCA claims.  In *U.S. ex rel. Hartigan v. Palumbo Bros., Inc*. (N.D.Ill. 1992) 797 F.Supp. 624, 632 (*Hartigan*), the district court reviewed the legislative history of the FCA and found "no evidence that Congress addressed or even considered the question of concurrent state court jurisdiction over FCA claims."  Further, the court found "no

9.

suggestion that Congress, in its deliberations, affirmatively intended to confer exclusive jurisdiction over such claims on the federal courts." (*Hartigan, supra,* at p. 632.) Likewise, in *Nguyen v. City of Cleveland* (N.D.Ohio 2000) 121 F.Supp.2d 643, 646 (*Nguyen*), the district court determined there was no "'unmistakable implication from legislative history'" that "federal jurisdiction of [FCA] whistleblower retaliation claims is exclusive of the states .…" (Italics omitted.)

We find Spencer's assertion that the Legislature implicitly intended to divest state courts of jurisdiction over FCA claims unpersuasive. They point out that the FCA governs certain claims in which the federal government "has rights and is an actual party to the action." From this observation, they assert, "Certainly, when enacting a statute where the Federal Government is the true party in interest and has the absolute right to control the litigation, Congress, at a minimum, implicitly intended that the District Courts would have exclusive jurisdiction over the case." We do not see the logic of this statement. Real parties in interest provide no authority for the proposition that we should assume Congress always implicitly intends federal courts to have exclusive jurisdiction over matters involving the federal government.[6] In any event, whatever Congress may implicitly intend for cases in which the federal government is a party, that implicit intention would not apply to whistleblower retaliation claims such as Driscoll's. Retaliation claims are personal to the individual asserting the claim and are not brought in the name of the federal government. Accordingly, we find no unmistakable implication from legislative history that Congress ousted state court jurisdiction over FCA retaliation claims.

---

[6]It is true that district courts have exclusive jurisdiction over tort claims brought against the United States, but this was *explicitly* provided for by Congress. (28 U.S.C. § 1346(b)(1) ["the district courts … shall have *exclusive* jurisdiction of civil actions on claims against the United States, for money damages … for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office" (italics added)].)

10.

Finally, we consider whether there is a "clear incompatibility between state-court jurisdiction and federal interests." (*Gulf Offshore, supra*, 453 U.S. at p. 478.) "[F]actors indicating clear incompatibility 'include the desirability of uniform interpretation, the expertise of federal judges in federal law, and the assumed greater hospitality of federal courts to peculiarly federal claims.'" (*Tafflin*, *supra*, 493 U.S. at p. 464.)

In *Tafflin*, the Supreme Court held that state courts have concurrent jurisdiction over civil RICO claims, finding no "clear incompatibility" between state court jurisdiction over civil RICO actions and federal interests. (*Tafflin, supra,* 493 U.S. at pp. 464, 467.) The court explained:

> "[S]tate court adjudication of civil RICO actions will, in practice, have at most a negligible effect on the uniform interpretation and application of federal criminal law, [citation], and will not, in any event, result in any more inconsistency than that which a multimembered, multitiered federal judicial system already creates, [citation]. [¶] Moreover, … we have full faith in the ability of state courts to handle the complexities of civil RICO actions, particularly since many RICO cases involve asserted violations of state law, such as state fraud claims, over which state courts presumably have greater expertise. [Citations.] To hold otherwise would not only denigrate the respect accorded coequal sovereigns, but would also ignore our 'consistent history of hospitable acceptance of concurrent jurisdiction,' [citation]." (*Tafflin, supra,* 493 U.S. at pp. 465-466.)

Previously, the California Supreme Court reached the same conclusion about state court jurisdiction over civil RICO claims. In *Cianci*, *supra*, 40 Cal.3d at page 916, the court noted that state and federal courts share an interest in enforcing civil RICO claims. "[S]tate judges cannot be deemed unsympathetic to RICO claims. The states plainly share with the federal government the desire to avoid the costs of crime in the marketplace: 23 states have already enacted 'little RICO' statutes, and 6 have such statutes pending [citation]." (*Cianci, supra,* at p. 916.)

Here, real parties in interest do not claim that state court jurisdiction over FCA retaliation claims would be incompatible with federal interests. In *Hartigan*, *supra*, 797 F.Supp. at page 632, the court considered the issue and found no clear incompatibility. Echoing *Tafflin*, the court reasoned, "FCA claims involve allegations of fraud and

11.

misrepresentations. These types of claims, which were originally based on common law, are the type of claims over which state courts presumably have great expertise." (*Hartigan, supra,* at p. 632.) In *Nguyen*, the district court also found no clear incompatibility in state courts having jurisdiction over FCA retaliation claims. (*Nguyen, supra*, 121 F.Supp.2d at p. 646.)

Further, our Legislature has enacted the California False Claims Act (Gov. Code, § 12650 et seq.), which is modeled after the FCA and has comparable protection for whistleblowers. (*McVeigh v. Recology San Francisco* (2013) 213 Cal.App.4th 443, 455.) Thus, as in *Cianci*, our state judges would not be unsympathetic to FCA retaliation claims. Following the reasoning of *Tafflin*, *Cianci*, and *Hartigan*, we find no clear incompatibility between state court jurisdiction over FCA retaliation claims and federal interests.

In sum, we have found no explicit statutory directive, unmistakable implication from legislative history, or clear incompatibility between state court jurisdiction and federal interests to overcome the presumption that state courts have concurrent jurisdiction over Driscoll's FCA retaliation claim. Real parties in interest contend, however, that "a plethora of cases" have determined that federal district courts have exclusive jurisdiction over FCA claims. These cases are not authority for the issue presented in the case.

The cases cited by Spencer involve individuals attempting to bring FCA claims in the United States Court of Federal Claims. The issue whether state courts have concurrent jurisdiction with federal district courts over FCA claims was not presented or considered in any of the cases. For example, in *Giles v. United States* (Fed.Cl. 2006) 72 Fed.Cl. 335, 335-336 (*Giles*), the plaintiff Diane Giles, an auditor for the City of Los Angeles (city), filed an FCA qui tam action in district court. She alleged that debris removal contractors submitted false claims for payment and she complained to the city, but her concerns were ignored. She further alleged the federal government reimbursed the city for debris removal costs, but the city later repaid some of the funds. The United

12.

States declined to intervene in her case.  The district court granted defendants' motion for summary judgment, ruling that Giles failed to show that the city knowingly submitted false claims for payment.

Giles then filed a complaint in the claims court seeking a portion of the payment the city had refunded to the federal government.  (*Giles*, *supra*, 72 Fed.Cl. at p. 336.)  The claims court held it did not have subject matter jurisdiction over her FCA qui tam claim.  (*Giles, supra,* at p. 337.)  In doing so, the court wrote, "The Federal Circuit has construed 31 U.S.C. § 3732(a) as conferring upon the district courts exclusive jurisdiction over *qui tam* claims."  (*Id*. at p. 336, citing *LeBlanc v. U.S.* (Fed.Cir. 1995) 50 F.3d 1025 (*LeBlanc*).)  The only issue before the *Giles* court was whether the Court of Federal Claims had jurisdiction over FCA claims.  Under these circumstances, we read the court's use of the term "exclusive" to mean that federal court jurisdiction is exclusive of Court of Federal Claims jurisdiction.  More to the point, the *Giles* court did not consider whether state courts have concurrent jurisdiction with federal district courts over FCA claims, and it is axiomatic that a case is not authority for a proposition that was not considered.  (*Vasquez v. State of California* (2008) 45 Cal.4th 243, 254.)

In *LeBlanc*, Roland LeBlanc, a federal government employee, filed a complaint in the Court of Federal Claims alleging he was terminated from his employment and blacklisted as a result of his whistleblowing activities.  (*LeBlanc*, *supra*, 50 F.3d at pp. 1027-1028.)  The court dismissed the complaint and the Federal Circuit affirmed.  The Federal Circuit explained that the Court of Federal Claims is a court of limited jurisdiction:

>    "The jurisdiction of the Court of Federal Claims arises chiefly from the Tucker Act, which gives that court 'jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.'  28 U.S.C. § 1491(a) (Supp.V 1993).  This statute confers jurisdiction on the Court of Federal Claims, and a corresponding waiver of the government's sovereign immunity from suit, when the constitutional provision, statute, or

regulation in question expressly creates a substantive right enforceable against the federal government for money damages." (*LeBlanc*, *supra*, 50 F.3d at p. 1028.)

The question for the *LeBlanc* court was "whether Congress intended to create in section 3730(h) a right of action for employees like LeBlanc in the Court of Federal Claims." (*LeBlanc*, *supra*, 50 F.3d at p. 1030.) The court found that "the only relevant language in section 3730(h) counsels otherwise: 'An employee may bring an action *in the appropriate district court of the United States* for the relief provided in this subsection.'" (*Ibid.*) The court declined to create a right of action in the Court of Federal Claims by implication. (*Ibid.*) In determining whether Congress intended to *grant* the Court of Federal Claims—a court of limited jurisdiction—jurisdiction over FCA claims, the *LeBlanc* court had no reason to consider the different question of whether Congress intended to *oust* state courts—courts of general jurisdiction—of their presumed concurrent jurisdiction over such claims. Once again, this case is not authority for a proposition not considered. (*Vasquez v. State of California*, *supra*, 45 Cal.4th at p. 254.) Similarly, the other cases cited by Spencer, *Schweitzer v. United States* (Fed.Cl. 2008) 82 Fed.Cl. 592 and *Capelouto v. United States* (Fed.Cl. 2011) 99 Fed.Cl. 682, do not address the issue of state court jurisdiction.

There are, however, courts that have considered the issue. In *Soni*, *supra*, 683 F.Supp.2d at page 81, the plaintiff Dr. Deepa Soni filed a complaint in the United States District Court for the District of Massachusetts against various defendants alleging retaliation under the FCA, among other claims. Three of the defendants filed a separate state court action for declaratory relief seeking a judgment that Soni was not entitled to continued employment. (*Soni, supra,* at p. 86.) In the district court case, the defendants filed a motion to dismiss on the ground that Soni should have brought her claims as compulsory counterclaims in the state court action. (*Id.* at p. 92.) The district court agreed that the claims against the three defendants who had filed the state court action should have been asserted in the state action. Thus, the district court concluded, the

claims against the three defendants must be dismissed under the state's compulsory counterclaim rule.  Soni responded that her claims under the FCA should not be dismissed because she could not have brought them in the state court action.  In other words, Soni argued, federal courts have exclusive jurisdiction over FCA claims.  (*Soni, supra,* at p. 94.)  The district court disagreed, observing that the only courts to have addressed the issue had concluded that state courts have concurrent jurisdiction over FCA claims.  (*Soni, supra*, at p. 94, citing *Paul*, *supra*, 860 F.Supp. 370, and *Hartigan*, *supra*, 797 F.Supp. 624.)

In addition to *Soni* and the cases cited therein, the United States District Court for the Northern District of Ohio reached the same conclusion in *Nguyen*, *supra*, 121 F.Supp.2d 643, and the Fifth Circuit Court of Appeals affirmed *Paul*, holding, "[S]tate courts have concurrent jurisdiction over FCA claims."  (*Paul v. Parsons, Brinkerhoff, Quade & Douglas, Inc.* (5th Cir. 1995) 53 F.3d 1282, citing *Hartigan*, *supra*, 797 F.Supp. 624.)  In our own research, we have not found any cases that reach a contrary conclusion.

Based on the deeply rooted presumption in favor of concurrent state court jurisdiction, our analysis of the FCA under *Gulf Offshore*, and the relevant case law, we conclude that state courts have concurrent jurisdiction over FCA retaliation claims.

## DISPOSITION

Let a writ of mandate issue directing the superior court to modify its order on Spencer's demurrer to Driscoll's first-amended cross-complaint.  As modified, the order

will overrule the demurrer as to the first cause of action for retaliation in violation of 31 United States Code section 3730(h).  Costs are awarded to the petitioner.


_____

Hoff, J.*

WE CONCUR:


_____

Cornell, Acting P.J.


_____

Gomes, J.

*Judge of the Superior Court of Fresno County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

16.