Filed 2/26/25 (unmodified opn. attached)

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| GLENN MANIAGO et al., | D085025 |
| Plaintiffs and Appellants, | (Super. Ct. No. CVRI2303683) |
| v. | |
| DESERT CARDIOLOGY CONSULTANTS' MEDICAL GROUP, INC., et al., | ORDER MODIFYING OPINION AND DENYING REHEARING |
| Defendants and Respondents. | NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on January 30, 2025, be modified as follows:

On page 12, insert "(*Meinhardt*)" after the *Meinhardt* citation.

On page 14, at the end of the last paragraph immediately before the Disposition, insert footnote 3 as follows:

> In a petition for rehearing, the Maniagos argue that our ruling conflicts with language from the Supreme Court's decision in *Meinhardt* and the holding of *Miles v. Deutsche Bank National Trust Co.* (2015) 236 Cal.App.4th 394. They are mistaken. The *Meinhardt* language cited by the Maniagos merely recognized that reviewing courts may in

some circumstances deem orders to be appealable without a formal judgment if they are sufficiently final to constitute a judgment. (*Meinhardt, supra,* 16 Cal.5th at pp. 654–658.) As we have explained, there was no sufficiently final order that resolved all claims between the parties here. In *Miles,* the court sustained a demurrer to all but one cause of action with leave to amend; the plaintiff chose not to amend; the court later granted summary judgment on the remaining cause of action, and the plaintiff then appealed. (*Miles,* at p. 400.) The court ruled that the plaintiff could decline to amend and stand on the sufficiency of the complaint, then challenge the demurrer ruling on appeal from the final judgment after the remaining claim was resolved. (*Id.* at pp. 400–401.) We do not question this settled rule, but it has no application here because the Maniagos attempted to short-circuit the process by voluntarily dismissing their entire case with prejudice, rather than litigating their remaining claims to judgment and challenging the demurrer ruling on appeal from the final judgment. Neither *Meinhardt* nor *Miles* said anything helpful to the Maniagos about this strategy for creating appellate jurisdiction.

There is no change in the judgment.

Appellants' petition for rehearing is denied.


HUFFMAN, Acting P. J.


cc: All Parties

2

Filed 1/30/25 (unmodified opinion)

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| GLENN MANIAGO et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>DESERT CARDIOLOGY CONSULTANTS' MEDICAL GROUP, INC., et al.,<br><br>    Defendants and Respondents. | D085025<br><br><br>(Super. Ct. No. CVRI2303683) |

APPEAL from a voluntary dismissal in the Superior Court of Riverside County, Harold W. Hopp, Judge. Appeal dismissed.

Arai Mitchell, John Arai Mitchell; Law Offices of J. David Black and J. David Black for Plaintiffs and Appellants.

Cole Pedroza, Kenneth R. Pedroza, Amy E. Rankin; Kramer deBoer & Keane, Deborah Olsen deBoer and Erik S. Laakkonen for Defendants and Respondents.

Plaintiffs Glenn and Geneanne Maniago appeal from a voluntary dismissal of their own case with prejudice after the trial court entered

interlocutory orders (1) sustaining demurrers to most of their claims with leave to amend and overruling a demurrer to Glenn's negligence claim; and (2) striking the punitive damages allegations. We conclude that we do not have jurisdiction to adjudicate the plaintiffs' appeal from a voluntary dismissal of the action entered by the clerk at their request without a final judicial determination of their claims. Accordingly, we dismiss the appeal for lack of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

In a first amended complaint against defendants Desert Cardiology Consultants' Medical Group, Inc. (DCCMG) and Dr. Praveen Panguluri, the Maniagos asserted five causes of action: (1) negligence; (2) loss of consortium; (3) assault; (4) battery; and (5) unfair business practices (Bus. & Prof. Code, § 17200 et seq.). All causes of action were asserted by both plaintiffs, except the loss of consortium claim was asserted only by Geneanne.

According to the complaint, Glenn worked as a scrub technologist in DCCMG's cardiac catheterization laboratory. During a catheterization procedure, Dr. Panguluri emptied a syringe filled with an HIV patient's blood onto a sterile drape covering the patient, rather than using the safety splash basin as he should have. As a result, the blood splashed into Glenn's face and right eye. Although the complaint did not allege that Glenn contracted HIV, it did allege that he and his wife Geneanne suffered harm from his exposure.

Defendants filed a demurrer to all causes of action except Geneanne's claim for loss of consortium. They also filed a motion to strike portions of the complaint, including the punitive damages allegations.

After the court issued tentative rulings, the Maniagos did not request oral argument and did not appear for the Zoom hearing on the demurrer and motion to strike. The court adopted its tentative rulings at the December 13,

2

2023 hearing.  The court sustained the demurrer with 20 days leave to amend as to claims asserted by Geneanne.[1]  The court overruled the demurrer as to Glenn's negligence claim and sustained it with 20 days leave to amend as to his other claims.  The court found that the complaint failed to allege intentional or willful misconduct as required for the assault and battery causes of action and failed to allege any specific statutory or regulatory basis for the unfair competition cause of action.  The court also granted the motion to strike the punitive damages allegations for failure to comply with Code of Civil Procedure section 425.13, which requires court approval before alleging punitive damages in an action arising from the professional negligence of a health care provider.

On December 28, 2023, five days before the 20-day period for amending their complaint would have expired, the Maniagos filed a voluntary dismissal of their entire action with prejudice.  In a declaration filed the same day, their counsel stated they were requesting a dismissal with prejudice "solely for the purpose of expediting an appeal" from the "adverse rulings" on the demurrer and motion to strike.  Plaintiffs' counsel further stated that "[r]eview by appeal from a subsequent judgment is inadequate" because "the Court's orders:  (a) prevent a substantial portion of the Maniagos' case from being heard on the merits; (b) delay the resolution of pivotal theories of

---

[1]    The Maniagos contend that the trial court wrongly sustained a demurrer to Geneanne's loss of consortium claim even though it was not a subject of the defendants' demurrer.  We disagree that the trial court did so.  The trial court's order merely stated:  "Sustain demurrer with 20 days' leave to amend as to claims asserted by plaintiff Geneanne Maniago."  We think it is clear the trial court was only referring to the claims that were actually the subject of the demurrer it was sustaining, which did not include Geneanne's loss of consortium claim.  We also note that the Maniagos easily could have clarified this point in the trial court, but they chose not to appear for oral argument or seek any revision of the tentative ruling.

liability; and (c) require reversal and retrial of the issues at a second trial, thereby wasting judicial resources." The clerk entered the dismissal as requested the same day.

The Maniagos filed a notice of appeal from the December 28, 2023 dismissal of the action at their own request. In their opening brief, they request that we reverse the order dismissing their case with prejudice and direct the trial court to vacate its prior orders on the demurrer and motion to strike and enter new orders overruling the demurrer and motion to strike.

Before the appeal was transferred to this division after briefing, defendants filed a motion to dismiss the appeal for lack of jurisdiction. The Maniagos opposed the motion. Division Two of this court issued an order denying the motion to dismiss "without prejudice to raising the issue of appealability of the voluntary dismissal in respondents' brief." Defendants raised the appealability issue again in their respondents' brief. In reply, the Maniagos argued the Court of Appeal had already denied the motion to dismiss and should "adhere to its prior determination."

## DISCUSSION

Defendants argue that the appeal should be dismissed for lack of jurisdiction because the Maniagos cannot appeal from a voluntary dismissal of the entire action entered by the clerk at their own request before a final judicial determination of their claims. We agree. At the time of the voluntary dismissal, the trial court had (1) sustained a demurrer *with* leave to amend as to three of Glenn's causes of action and four of Geneanne's causes of action, (2) overruled the demurrer as to Glenn's remaining cause of action for negligence, and (3) made no ruling as to Geneanne's remaining cause of action for loss of consortium, which was still pending. Thus, there had been no final judicial determination of any of the Maniagos' claims when

4

they voluntarily dismissed the entire action with prejudice. Moreover, each of the Maniagos would have had one remaining claim even if they had elected to go forward without amending their complaint. In these circumstances, we conclude there was no appealable final judgment or order.

I

Code of Civil Procedure section 904.1, subdivision (a)(1) authorizes an appeal "[f]rom a judgment, except an interlocutory judgment." This statute "effectively codified the 'one final judgment rule,' allowing only final judgments to be appealable." (*Otay River Constructors v. San Diego Expressway* (2008) 158 Cal.App.4th 796, 803.) This is "a fundamental principle of appellate practice that prohibits review of intermediate rulings by appeal until final resolution of the case. 'The theory is that piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case.'" (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 697.)

"A judgment is the final determination of the rights of the parties in an action or proceeding." (Code Civ. Proc., § 577.) A judgment is considered final when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined. (*Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 304.) A judgment that disposes of fewer than all the causes of action in the complaint is not final as to any parties between whom another cause of action remains pending. (*Id.* at p. 307.) Moreover, an appeal from a judgment that is not final violates the one final judgment rule and must therefore be dismissed, unless the violation can be cured by amending the judgment. (*Id.* at pp. 307–308.)

The Maniagos' voluntary dismissal of their entire case with prejudice is not an appealable final judgment. "[A] voluntary dismissal by a plaintiff is accompanied by a ministerial act of the clerk, filing from which no appeal lies." (*Yancey v. Fink* (1991) 226 Cal.App.3d 1334, 1342–1343 (*Yancey*); see also *S. B. Beach Properties v. Berti* (2006) 39 Cal.4th 374, 380 (*Berti*) [voluntary dismissal is ministerial act, not judicial act, and thus not appealable]; *H. D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1365 [same].) "Respecting appealability, 'there is no kinship of a voluntary dismissal to a final judgment. A willful dismissal terminates the action for all time and affords the appellate court no jurisdiction to review rulings on demurrers or motions made prior to the dismissal.' " (*Yancey*, at p. 1343, quoting *Cook v. Stewart McKee & Co.* (1945) 68 Cal.App.2d 758, 760–761.)

The orders that preceded the Maniagos' voluntary dismissal were also not immediately appealable. The Legislature has enacted various exceptions to the one final judgment rule, many of which are listed in Code of Civil Procedure section 904.1, subdivision (a)(3) through (14). But there is no exception for the types of interlocutory orders that preceded the Maniagos' voluntary dismissal here: (1) an order sustaining a demurrer with leave to amend as to some but not all causes of action, and (2) an order striking punitive damages allegations. "An order sustaining a demurrer with leave to amend is not a final judgment and therefore not itself appealable." (*Otworth v. Southern Pac. Transportation Co.* (1985) 166 Cal.App.3d 452, 457.) If the plaintiff subsequently fails or refuses to amend the complaint, and there are no other causes of action remaining, the court will enter a final judgment of dismissal from which an appeal can then be taken. (*Ibid.*) But if there are other unresolved causes of action remaining between the parties, there is no

6

appealable final judgment. (*Kurwa v. Kislinger* (2013) 57 Cal.4th 1097, 1100 (*Kurwa*).) Likewise, an order granting a motion to strike allegations of a complaint is not immediately appealable unless it effectively disposes of the entire action. (See *Walnut Producers of California v. Diamond Foods, Inc.* (2010) 187 Cal.App.4th 634, 641.)

This does not leave plaintiffs in the Maniagos' position without any appellate remedy to challenge such interlocutory rulings before entry of a final judgment. The appropriate vehicle for such a challenge is a petition for writ of mandate. (Code Civ. Proc., § 1086.) Writ relief is available to challenge an interlocutory order if the plaintiff has no adequate remedy at law and will otherwise suffer irreparable injury. (*Los Angeles Gay & Lesbian Center v. Superior Court* (2011) 194 Cal.App.4th 288, 299–300.) For example, a writ of mandate may be granted when the trial court has deprived a party of an opportunity to plead his cause of action or defense and extraordinary relief may prevent a needless and expensive trial and reversal. (*Taylor v. Superior Court* (1979) 24 Cal.3d 890, 894.) Specifically, extraordinary writ relief may be appropriate when a demurrer is erroneously sustained without leave to amend as to fewer than all causes of action (*Driscoll v. Superior Court* (2014) 223 Cal.App.4th 630, 636) or when punitive damages allegations are erroneously stricken from the complaint (*Courtesy Ambulance Service v. Superior Court* (1992) 8 Cal.App.4th 1504, 1519).

Critically, however, writ relief is discretionary. (*People v. Superior Court of Marin County* (1968) 69 Cal.2d 491, 497.) "The discretionary aspect of writ review comes into play primarily when the petitioner has another remedy by appeal and the issue is whether the alternative remedy is adequate." (*Powers v. City of Richmond* (1995) 10 Cal.4th 85, 113.) An appeal from the final judgment is normally presumed to be an adequate

7

remedy at law, barring immediate review by extraordinary writ. (*San Diego Gas & Electric Co. v. Superior Court* (1996) 13 Cal.4th 893, 912–913.) Thus, many writ petitions are summarily denied because the petitioner has an adequate remedy by way of appeal from the final judgment.

Rather than file a writ petition and risk a summary denial, the Maniagos chose to voluntarily dismiss their entire action with prejudice and pursue an immediate appeal from the voluntary dismissal. But their voluntary dismissal is not itself appealable, and neither are the interlocutory orders on the demurrer and motion to strike. Dismissing the entire action with prejudice did not transform the nonappealable interim orders into an appealable judgment. (*Yancey, supra*, 226 Cal.App.3d at pp. 1342–1343.) " '[T]he proper role of an appellate court is to adhere to and apply Code of Civil Procedure section 904.1, not to devise and employ strategies for its wholesale avoidance.' " (*Jordan v. Malone* (1992) 5 Cal.App.4th 18, 22.)

## II

The Maniagos nevertheless invoke loose language from several cases broadly stating that "appellate courts treat a voluntary dismissal with prejudice as an appealable order if it was entered after an adverse ruling by the trial court in order to expedite an appeal of the ruling." (*Stewart v. Colonial Western Agency, Inc.* (2001) 87 Cal.App.4th 1006, 1012; see also *Flowers v. Prasad* (2015) 238 Cal.App.4th 930, 935 (*Flowers*); *Austin v. Valverde* (2012) 211 Cal.App.4th 546, 550–551 (*Austin*); *Neubauer v. Goldfarb* (2003) 108 Cal.App.4th 47, 53 (*Neubauer*).) According to the Maniagos, this rule applies here because they dismissed their case with prejudice solely to expedite an appeal of the trial court's adverse rulings on the demurrer and motion to strike.

8

We think it is clear, however, that this rule cannot apply to literally *any* adverse ruling a plaintiff may encounter along the path to a final judgment. Otherwise, a plaintiff who is dissatisfied with any interlocutory order could always obtain immediate appellate review just by folding up their tent, voluntarily dismissing their entire case with prejudice, and filing an appeal from the clerk's entry of the voluntary dismissal. If that were the law, it would effectively eviscerate the one final judgment rule.

We do agree that a voluntary dismissal following an adverse ruling can result in an appealable judgment in some circumstances. Specifically, if the trial court has already made a final determination adverse to the plaintiff on some but not all claims, and the plaintiff voluntarily dismisses the remaining claims with prejudice, then the trial court can enter a final judgment of dismissal that disposes of the entire case and is therefore appealable. (See, e.g., *Flowers, supra*, 238 Cal.App.4th at pp. 934–935; *County of Santa Clara v. Atlantic Richfield Co.* (2006) 137 Cal.App.4th 292, 300–303; *Neubauer, supra*, 108 Cal.App.4th at pp. 51–52.) In those circumstances, however, the appeal is from the final judgment of dismissal entered by the court, not the plaintiff's voluntary dismissal of the remaining claims.

This is not such a case. The trial court never entered a judgment of dismissal. Nor did the Maniagos voluntarily dismiss *only* the claims that were remaining after others were adjudicated to finality; instead, they voluntarily dismissed their entire action with prejudice then sought to appeal from the resulting dismissal. As we have noted, the clerk's entry of the voluntary dismissal is a ministerial act from which no appeal lies. (*Yancey, supra*, 226 Cal.App.3d at pp. 1342–1343.) In *Yancey*, for example, the trial court sustained a demurrer to a declaratory relief complaint but did not enter an appealable judgment of dismissal. After the Court of Appeal directed the

9

appellant to obtain a proper judgment of dismissal to proceed with the appeal, the appellant instead sought to cure the problem by filing a voluntary dismissal of the entire declaratory relief action with prejudice. The superior court clerk entered the dismissal as requested. The Court of Appeal concluded that "[b]y failing to obtain a properly appealable order, and then by divesting us of whatever jurisdiction we might have had by voluntarily dismissing the entire action, the [appellant] has left us with no alternative but to dismiss his appeal from the order sustaining the demurrer in the declaratory relief action." (*Id.* at p. 1343.)

Likewise, the Maniagos have left us with no alternative but to dismiss their appeal. In the absence of a final judgment entered by the court disposing of all claims and leaving nothing remaining to be decided, we lack jurisdiction to adjudicate Maniagos' appeal from a voluntary dismissal of the action entered by the clerk at their own request. (*Yancey, supra*, 226 Cal.App.3d at pp. 1342–1343.)

We are not persuaded otherwise by the decision in *Ashland Chemical Co. v. Provence* (1982) 129 Cal.App.3d 790 (*Ashland Chemical*). There, as in *Yancey*, the plaintiff filed a premature appeal after the trial court had sustained a demurrer without leave to amend but entered no appealable judgment of dismissal. Again as in *Yancey*, rather than obtaining a judgment of dismissal from the trial court, the plaintiff voluntarily dismissed its complaint with prejudice " 'only for the purpose of expediting appeal.' " (*Id.* at p. 792.) The Court of Appeal concluded that because the trial court had sustained a demurrer to the entire complaint without leave to amend, the plaintiff's "request for dismissal was tantamount to a request to enter judgment on [the defendant]'s demurrer." (*Id.* at p. 793.) Accordingly, it allowed the appeal to proceed. (*Ibid.*)

10

We do not see how *Ashland Chemical* can be reconciled with the more recent decision in *Yancey*. In nearly identical circumstances, the Court of Appeal in *Yancey* concluded that it lacked jurisdiction to treat the plaintiff's voluntary dismissal of the action with prejudice as the equivalent of an appealable judgment of dismissal. (*Yancey, supra*, 226 Cal.App.3d at pp. 1342–1343.) In our view, the holding of *Yancey* better reflects the settled rule—not mentioned in *Ashland Chemical*—that a voluntary dismissal entered by the clerk at the plaintiff's request is a nonappealable, ministerial act. (*Berti, supra*, 39 Cal.4th at p. 380.) Like the plaintiff in *Yancey*, the plaintiff in *Ashland Chemical* could simply have obtained a final judgment of dismissal from the trial court to pursue its appeal.[2]

---

[2] In *Austin, supra*, 211 Cal.App.4th 546, the court followed *Ashland Chemical* in ruling that it had appellate jurisdiction after a petitioner who was seeking to set aside the DMV's suspension of his license voluntarily dismissed his petition with prejudice in order to appeal from a trial court order refusing to provide him with a copy of the administrative record to litigate his case. (*Id.* at pp. 550–552.) The *Austin* court concluded that *Yancey* was "unlike [this] situation" and ruled that the petitioner could appeal from his voluntary dismissal with prejudice because the dismissal was only done to expedite an appeal from the court's adverse ruling denying him a copy of the administrative record. (*Ibid.*) Like the court in *Ashland Chemical*, however, the *Austin* court made no mention of the fact that a voluntary dismissal entered by the clerk is not subject to appeal because it is a ministerial act, not a judicial act. (*Berti, supra*, 39 Cal.4th at p. 380.) Nor did the court explain why its reasoning would not allow the plaintiff to take an immediate appeal of any adverse interlocutory ruling simply by voluntarily dismissing the action with prejudice and appealing from the dismissal. A nondispositive order like the one at issue in *Austin* is ordinarily reviewed either by way of a writ petition or an appeal from the final judgment, not an interlocutory appeal. We need not decide whether *Austin* was correctly decided, however, because we believe it would only apply after an adverse ruling that effectively prevents the plaintiff from proceeding with their case.

11

We also question the court's conclusion in *Ashland Chemical* that the combined effect of a nonappealable demurrer order and a nonappealable voluntary dismissal of the action can be "tantamount" to an appealable final judgment. (*Ashland Chemical*, *supra*, 129 Cal.App.3d at p. 793.) As our colleagues in Division Three have recently observed: "It creates uncertainty and confusion when courts allow appellate jurisdiction to be manufactured out of spare parts. Parties and attorneys deserve clarity when it comes to entry of judgment." (*Blauser v. Dubin* (2024) 106 Cal.App.5th 918, 922 [rejecting argument that signed minute order granting nonsuit was the functional equivalent of a judgment and dismissing appeal based on absence of a "separate, signed document, clearly labeled as a 'judgment' or 'order of dismissal' "]; see also *Meinhardt v. City of Sunnyvale* (2024) 16 Cal.5th 643, 657 [" 'bright lines are essential in this area, to avoid both inadvertent forfeiture of the right to appeal and excessive protective appeals by parties afraid they might suffer such a forfeiture' "]; *Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 905 [rule governing notice of entry "does not require litigants to glean the required information from multiple documents or to guess, at their peril, whether such documents in combination trigger the duty to file a notice of appeal"].)

Even assuming that *Ashland Chemical* was correctly decided, however, it still would not apply here. An appellate court should "save" an appeal taken from a nonappealable order only when "it is *clear* that an appealable judgment *should have been rendered*" by the trial court. (*ABF Capital Corp. v. Grove Properties Co.* (2005) 126 Cal.App.4th 204, 213.) In *Ashland Chemical*, the Court of Appeal chose to treat the plaintiff's voluntary dismissal as an appealable judgment in circumstances where the trial court had already sustained a demurrer to the plaintiff's entire complaint without

leave to amend, and thus should have entered an appealable judgment of dismissal. (See *Ashland Chemical, supra*, 129 Cal.App.3d at pp. 792–793.) By contrast, in this case, the trial court should *not* have entered an appealable judgment of dismissal because it had only sustained the demurrer to *some* causes of action *with* leave to amend, and each plaintiff still had a remaining cause of action even if they chose not to amend.

Finally, there is another fatal problem with the Maniagos' theory of appealability. Although they purport to have dismissed their entire case with prejudice, they are simultaneously seeking a complete reversal of the dismissal to revive all the same claims they purportedly dismissed. But that is not a true dismissal with prejudice. A true dismissal with prejudice "is determinative of the issues in the action and precludes the dismissing party from litigating those issues again." (*Torrey Pines Bank v. Superior Court* (1989) 216 Cal.App.3d 813, 819–820.) When claims are instead dismissed with the understanding that they can later "be revived for litigation at the appeal's conclusion," the result of "keeping the dismissed claims legally alive" is that there is no finality for appealability purposes. (*Kurwa, supra*, 57 Cal.4th at p. 1106 [judgment that disposes of fewer than all claims is not appealable where parties agree to dismiss remaining claims without prejudice but waive operation of statute of limitations to allow those claims to be revived on remand after appeal]; see also *Gutkin v. University of Southern California* (2002) 101 Cal.App.4th 967, 975 [voluntary dismissal of remaining claims *without* prejudice "could not have the legal effect of a final judgment, and could not serve to expedite an appeal" from interim orders].)

"To permit this kind of manipulation of appellate jurisdiction . . . would be inconsistent with the one final judgment rule." (*Kurwa, supra*, 57 Cal.4th at p. 1107.) "Where unusual circumstances justify it, review of interlocutory

judgments can be obtained by petition for writ of mandate, but not by appeal." (*Id.* at p. 1107.)  We therefore conclude that we lack jurisdiction to hear this appeal.

## DISPOSITION

The appeal is dismissed for lack of jurisdiction.  Respondents are entitled to recover costs on appeal.


BUCHANAN, J.

WE CONCUR:

HUFFMAN, Acting P. J.

KELETY, J.