[No. B231388. Second Dist., Div. One. Nov. 21, 2012.]

RICHARD SINGLETARY et al., Plaintiffs and Appellants, v. INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 18, Defendant and Respondent.

COUNSEL

Law Offices of Leo James Terrell and Leo James Terrell for Plaintiffs and Appellants.

Schwartz, Steinsapir, Dohrmann & Sommers, Robert M. Dohrmann and D. William Heine for Defendant and Respondent.

## OPINION

JOHNSON, J.—Plaintiffs appeal dismissal of their claim for breach of the duty of fair representation and breach of contract and collective bargaining agreement against Local 18 of the International Brotherhood of Electrical Workers (Local 18). Plaintiffs are security guards for the City of Los Angeles (City), Department of Water and Power (DWP) and claim that Local 18 failed to ensure that overtime was fairly allotted among the security guards. The trial court dismissed the matter for lack of subject matter jurisdiction, finding that under the Meyers-Milias-Brown Act (MMBA), Government Code section 3509, subdivision (d),[1] the City's employee relations board (ERB) had exclusive jurisdiction to consider their claims.

On appeal, plaintiffs contend that ERB did not have exclusive subject matter jurisdiction, and that even if it did, they have exhausted their administrative remedies. Defendant Local 18 cross-appeals the trial court's

[1] All statutory references herein are to the Government Code unless otherwise noted.

denial of its motion for sanctions pursuant to Code of Civil Procedure section 128.7 based upon plaintiffs' filing of a frivolous claim. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### 1. *Factual Background*

Plaintiffs are employees of the DWP. Plaintiffs are also members of Local 18. Randall Baker is a principal security guard and James A. Butts and Richard Singletary are senior security guards.

The terms and conditions of plaintiffs' employment are governed by a memorandum of understanding (MOU) between DWP and Local 18 which was in effect from October 1, 2005, to September 30, 2010. Article 9.5(a) of the MOU provided that overtime would be divided "as equally as possible among those persons available for work in the same position at the same location or reporting to the same immediate supervisor." DWP had a policy of assigning "overtime to those with the least amount of accumulated overtime first"; such persons were those "within 40 hours of the lowest accumulated total on the Accumulative Overtime Log."

Plaintiffs asserted that Local 18 failed in its duty to ensure that DWP equally disseminated overtime hours. Another principal security officer at DWP received 635 hours of overtime during a one-year period ending March 5, 2006, while plaintiff Baker only received 104.9 hours of overtime (with 48 hours declined) for the same period. Plaintiffs Butts and Singletary had similar complaints about the amount of overtime they received.

Pursuant to MOU appendix D, Local 18 and DWP agreed to the establishment of a joint labor/management committee. The committee has an equal number of members from Local 18 and DWP, and is the forum in which plaintiffs and their colleagues address grievances about the terms and conditions of their employment.

Many members of Local 18 complained about the problem to their union representative, Gus Corona, during 2007 and 2008. In December 2007, a security officer complained to Corona that the joint labor/management committee was "a joke" because it did not meet regularly, had not achieved the goals it set out to achieve, and did not get anything done. To plaintiff Baker, Corona responded on November 17, 2008: "I [am] sorry you feel this way . . . . I will be requesting you be removed from the [committee]." The members continued to complain about Corona.

Section 3507, subdivision (a) authorizes public agencies to adopt rules and regulations to implement the provisions of the MMBA, and in 1971, the City adopted an employee relations ordinance (ERO) for this purpose. (§ 3507, subd. (a); see L.A. Admin. Code, § 4.800 et seq.)

On May 12, 2009, plaintiffs Butts, Baker and Singletary filed an unfair practice charge with California's Public Employment Relations Board (PERB), alleging a violation of the MMBA. All three sought an order directing DWP and Local 18 to comply with article 9.5 and appendix D of the MOU.

On June 17, 2009, Robert Bergeson, the executive director of ERB, responded to plaintiffs' claims before ERB,[2] and advised plaintiffs that the facts alleged in their claims did not amount to a prima facie violation of the ERO because the ERO governed interference claims and discrimination claims; although the claims might constitute a valid grievance under the MOU, they did not violate the ERO.

On August 11, 2009, plaintiffs filed unfair practices claims with ERB.

On August 4, 2009, plaintiffs requested Bergeson's advisory opinion of whether ERB would have jurisdiction over a claim against Local 18 for failure to enforce the overtime provisions of the MOU. By telephone, Bergeson advised plaintiffs that the claim would be rejected, and confirmed this in writing on August 28, 2009.

2. *Procedural Background*

On March 17, 2009, plaintiffs[3] filed a complaint against the City and Local 18 for violation of the duty of fair representation and breach of contract and breach of the collective bargaining agreement. On May 26, 2009, plaintiffs filed a first amended complaint alleging the same claims.

Local 18 demurred to the first amended complaint on the grounds the trial court lacked subject matter jurisdiction under section 3509 because that section gave ERB exclusive jurisdiction to determine whether a charge of the breach of the duty of fair representation was justified. The trial court

---

[2] The record is confusing on this point. The claims plaintiffs cite in their briefs as being filed with ERB were in fact filed with PERB, although it appears that on June 11, 2009, plaintiffs filed substantially the same claims with ERB—Bergeson's June 17, 2009 letter from ERB references claims that plaintiffs had filed with it. Elsewhere in the record are claims filed with ERB, but such claims were filed in August 2009.

[3] Plaintiffs Singletary and Baker were the named plaintiffs in the initial complaint.

sustained the demurrer with leave to amend, primarily finding ERB had exclusive jurisdiction over the action under section 3509, subdivision (d).[4]

On August 20, 2009, plaintiffs filed a second amended complaint, alleging the same claims and further alleging they exhausted their administrative remedies. On September 4, 2009, Local 18 demurred, contending ERB had exclusive initial jurisdiction to review unfair practices claims, and that courts would exercise limited appellate jurisdiction after review by ERB; in any event, plaintiffs failed to exhaust their administrative remedies with ERB because ERB had not formally ruled on their claims, and plaintiffs could not state a claim that Local 18 had acted in bad faith.

The court overruled the demurrer on December 2, 2009. The court found there was no dispositive authority that plaintiffs were required to exhaust administrative remedies "under these circumstances where the issue of exclusive jurisdiction is not definite and where the statutory language of [section] 3509 can be read to support either party's position."

At the mandatory settlement conference held April 30, 2010, the trial court suggested that Local 18 file a pretrial motion on the subject matter jurisdiction issue.

On May 10, 2010, Local 18 moved to dismiss the action based on lack of subject matter jurisdiction, contending ERB had exclusive initial jurisdiction of the matter under section 3509, subdivision (d), part of the MMBA. After receiving supplemental briefing on the issue of exhaustion of administrative remedies, the trial court granted the motion, finding the matter within the exclusive initial jurisdiction of ERB.[5]

On November 12, 2010, Local 18 moved for sanctions pursuant to Code of Civil Procedure section 128.7 on the grounds plaintiffs had no factual basis for their overtime claims; they failed to file a grievance with Local 18 as

---

[4] Section 3509 governs the powers of PERB, and as discussed *post*, provides for PERB's initial exclusive jurisdiction over a complaint alleging a violation of the MMBA. (§ 3509, subds. (a)–(c).) Section 3509, subdivision (d) creates an exception for ERB, and provides: "Notwithstanding subdivisions (a) to (c), inclusive, the employee relations commissions established by, and in effect for, the County of Los Angeles and the City of Los Angeles pursuant to Section 3507 shall have the power and responsibility to take actions on recognition, unit determinations, elections, and all unfair practices, and to issue determinations and orders as the employee relations commissions deem necessary, consistent with and pursuant to the policies of this chapter."

[5] The court requested additional briefing based upon the Supreme Court opinion in *City of San Jose v. Operating Engineers Local Union No. 3* (2010) 49 Cal.4th 597 [110 Cal.Rptr.3d 718, 232 P.3d 701], which addressed the issue of exhaustion of administrative remedies before PERB prior to commencing a judicial action.

required by the MOU; and they had no evidence of bad faith conduct by Local 18. The trial court denied the motion for sanctions, finding a factual issue existed whether Local 18's conduct was in bad faith.

## DISCUSSION

### I. *Superior Court Subject Matter Jurisdiction of Plaintiffs' Claims*

Plaintiffs argue that ERB does not have exclusive initial jurisdiction over their unfair representation claims because section 3509, subdivision (d) makes no reference to exclusivity, but merely grants to ERB the authority to engage in proceedings concerning unit determinations, elections, and unfair practices, regardless of the exclusive jurisdiction granted to PERB elsewhere in the statute. Further, even if ERB had exclusive initial jurisdiction, plaintiffs exhausted their administrative remedies, thus permitting them to proceed in superior court. Respondents contend that when the Legislature enacted section 3509, subdivision (d), it did not intend to give the courts jurisdiction over enforcement of MMBA violations handled by ERB. Rather, the same jurisdictional rules apply to ERB as apply to PERB: namely, PERB and ERB have exclusive initial jurisdiction, with appellate review by the courts. (§§ 3509, subd. (d), 3509.5.)

#### A. *Standard of Review*

Although the trial court overruled the demurrer, it granted Local 18's evidentiary motion to dismiss the second amended complaint for lack of subject matter jurisdiction. We consider de novo a motion to dismiss for lack of subject matter jurisdiction where the question is purely one of law. (See *McKee v. Orange Unified School Dist.* (2003) 110 Cal.App.4th 1310, 1316 [2 Cal.Rptr.3d 774].) Where the question depends on findings of fact, we apply the substantial evidence test if the facts are disputed. (See *J. H. McKnight Ranch, Inc. v. Franchise Tax Bd.* (2003) 110 Cal.App.4th 978, 983 [2 Cal.Rptr.3d 339].) If the facts are undisputed, we resolve the question as a matter of law. (See *Warburton/Buttner v. Superior Court* (2002) 103 Cal.App.4th 1170, 1181 [127 Cal.Rptr.2d 706].)

#### B. *ERB Has the Same Jurisdiction Over Violations of the MMBA as Does PERB*

##### 1. *The MMBA and PERB and ERB*

The MMBA, section 3500 et seq., applies to all local government employees in California. (*Mariscal v. Los Angeles City Employee Relations Bd.* (2010) 187 Cal.App.4th 164, 170 [113 Cal.Rptr.3d 542].) Both the

statutory language and intent of the MMBA provide "strong protection for the right of employees to be represented by unions of their own choosing." (*International Brotherhood of Electrical Workers v. City of Gridley* (1983) 34 Cal.3d 191, 202, fn. 12 [193 Cal.Rptr. 518, 666 P.2d 960].)

The history of the MMBA reflects that in 1961, the Legislature enacted the George Brown Act (Stats. 1961, ch. 1964, § 1, pp. 4141–4143), which granted public employees in California the right to organize and have their representatives "meet and confer" with their employers over wages and working conditions. (See *Ball v. City Council* (1967) 252 Cal.App.2d 136, 142 [60 Cal.Rptr. 139].) The George Brown Act was expanded in 1968, when the Legislature enacted the MMBA authorizing public entities and labor representatives not only to confer but also to reach binding agreements on wages, hours, and working conditions. (§ 3505; *Coachella Valley Mosquito & Vector Control Dist. v. California Public Employment Relations Bd.* (2005) 35 Cal.4th 1072, 1083 [29 Cal.Rptr.3d 234, 112 P.3d 623] (*Coachella Valley*).)

At that time, PERB had not yet been created, and the Legislature did not include in the MMBA any provisions expressly authorizing either administrative or judicial proceedings.[6] (*Coachella Valley, supra,* 35 Cal.4th at p. 1084.) In 1994, the Supreme Court concluded that mandate proceedings were the appropriate vehicle to enforce MMBA-created rights. (*Coachella Valley,* at p. 1084; see *Santa Clara County Counsel Attys. Assn. v. Woodside* (1994) 7 Cal.4th 525, 539 [28 Cal.Rptr.2d 617, 869 P.2d 1142].)

In 2000, the Legislature extended PERB's jurisdiction to cover matters arising under the MMBA through the enactment of section 3509, which became effective July 1, 2001. (Stats. 2000, ch. 901, § 8, p. 6607.) Section 3509, subdivision (b) now provides in relevant part that "The initial determination as to whether the charge of unfair practice is justified and, if so, the appropriate remedy necessary to effectuate the purposes of this chapter, shall be a matter within the exclusive jurisdiction of [PERB] . . . ." The Legislature recognized that the MMBA had "no effective enforcement procedures except for court action, which is time-consuming and expensive. One of the basic principles of an effective collective bargaining law should be to provide for enforcement by an administrative agency with expertise in labor relations. The appropriate role for the courts is to serve as an appellate body." (Assem. Com. on Appropriations Analysis of Sen. Bill No. 739 (1999–2000 Reg. Sess.) as amended June 6, 2000, p. 2.) These changes had the effect of removing from the courts their initial jurisdiction over MMBA unfair practice charges. (*Coachella Valley, supra,* 35 Cal.4th at p. 1089.)

---

[6] PERB was created in 1975 with the adoption of the Educational Employment Relations Act (§§ 3540–3549.3). PERB currently is "vested with the authority to interpret the provisions of six different labor relations acts, including the MMBA." (*Burke v. Ipsen* (2010) 189 Cal.App.4th 801, 809 [117 Cal.Rptr.3d 91].)

As a result, section 3509, subdivision (b) provides, "[a] complaint alleging any violation of [the MMBA] . . . shall be processed as an unfair practice charge by [PERB]. The initial determination as to whether the charge of unfair practice is justified and, if so, the appropriate remedy necessary to effectuate the purposes of this chapter, shall be a matter within the exclusive jurisdiction of [PERB] . . . ." This enactment removed "from the courts their initial jurisdiction over MMBA unfair practice charges" and vested such jurisdiction in PERB. (*Coachella Valley, supra,* 35 Cal.4th at p. 1089.)

Thus, PERB has exclusive initial jurisdiction to determine an unfair practice charge. (*City of San Jose v. Operating Engineers Local Union No. 3, supra,* 49 Cal.4th at p. 605.) A charging party, respondent, or intervener aggrieved by a final decision or order of PERB may seek review of any decision, except a decision not to issue a complaint. (§ 3509.5, subd. (a).) Any party may seek review of unit determinations and unfair practice charges by petition for writ of extraordinary relief in the Court of Appeal in the appellate district where the determination occurred. (§ 3509.5, subds. (a), (b).) The petition must be filed within 30 days of issuance of the board's final decision, and if the time for filing a petition for writ relief has expired, PERB may seek enforcement of its final decision or order by writ of mandamus in the Court of Appeal or superior court where the unfair practice occurred. (§ 3509.5, subds. (b), (c).)

However, the statutory bar against judicial review of a decision by PERB not to issue a complaint is subject to three exceptions in the case of PERB's decision not to issue an unfair practice complaint. (*International Assn. of Fire Fighters, Local 188, AFL-CIO v. Public Employment Relations Bd.* (2011) 51 Cal.4th 259, 271 [120 Cal.Rptr.3d 117, 245 P.3d 845].) A superior court may exercise mandamus jurisdiction to determine whether a decision (1) "violates a constitutional right," (2) "exceeds a specific grant of authority," or (3) "is based on an erroneous statutory construction." However, in order to avoid undue interference with the discretion the Legislature has granted PERB, the exceptions are to be narrowly construed. (*Ibid.*) "We stress, however, that it remains true that a refusal by PERB to issue a complaint under the MMBA is not subject to judicial review for ordinary error, including insufficiency of the evidence to support the agency's factual findings and misapplication of the law to the facts, or for abuse of discretion." (*Ibid.*)

ERB was created in 1971 pursuant to the ERO (L.A. Admin. Code, § 4.810) before PERB, and thus the MMBA carved out an exception for ERB. Pursuant to section 3509, subdivision (d), section 3509 does not apply to the City or County of Los Angeles. Section 3509, subdivision (d), part of the MMBA, grants to the City's ERB "[t]he power and responsibility to take actions on recognition, unit determinations, elections and all unfair practices,

and to issue determinations and orders as the employee relations commissions deem necessary, consistent with and pursuant to the policies of this chapter."

When the MMBA was amended in 2000, the Legislature declared that "[t]his bill would expand the jurisdiction of [PERB] to include resolving disputes and enforcing the statutory duties and rights of employers and employees under the Meyers-Milias-Brown Act and would specifically include resolving disputes alleging violation of rules and regulations adopted by a public agency, other than the County of Los Angeles and the City of Los Angeles, pursuant to the Meyers-Milias-Brown Act that are consistent with the act concerning unit determinations, representations, recognition, and elections. The bill would provide that implementation of this provision is subject to the appropriation of funds for this purpose in the annual Budget Act and that the provision becomes operative on July 1, 2001." (Legis. Counsel's Dig., Sen. Bill No. 739 (1999–2000 Reg. Sess.) 6 Stats. 2000, Summary Dig., p. 411.)

Section 3507, subdivision (a) authorizes public agencies to adopt rules and regulations to implement the provisions of the MMBA, and here the City has adopted the ERO for this purpose. (§ 3507, subd. (a).) The City's ERO expressly grants to ERB the power to "determine issues affecting the recognition status of employee organizations involved in a merger, amalgamation, or transfer of jurisdiction between two or more qualified employee organizations." (L.A. Admin. Code, § 4.810, subd. f.(7).)

Further, section 4.810, subdivision f.(4), part of the ERO, sets forth the powers and duties of ERB "[t]o investigate and determine the validity of charges of unfair employee relations practices, to make findings, and to issue orders to cease and desist which are not in conflict with other provisions of law." (L.A. Admin. Code, § 4.810, subd. f.(4).) Los Angeles Administrative Code section 4.860, subdivision c. allows an individual employee, group of employees, or an employee or management representative to make an unfair employee relations practice claim and states that "[s]uch claims shall be processed by the [ERB] in accordance with its rules." Section 4.810, subdivision f.(9) authorizes ERB "to adopt reasonable rules and procedures, consistent with the provisions of this chapter and other laws, and which are necessary in the performance of the duties and powers specified in this chapter."

ERB has adopted rules and regulations, including rules governing unfair employee relations practice claims. Rule 8.05 of those rules and regulations requires the executive director of ERB to investigate an unfair employment relations practice claim filed with ERB. Following the completion of such investigation, the matter must be scheduled for ERB's consideration, and the

executive director must report to ERB on the results of the investigation. Rule 8.05 states that "[t]he [ERB] shall thereafter take appropriate action on the claim, which may include dismissal thereof in whole or in part, acceptance of an offer of settlement which is not repugnant to the intent of the Employee Relations Ordinance, entry of an order, or the issuance of a notice of hearing."

When remedies are available before an administrative body, a party must in general exhaust those remedies before seeking judicial relief. (*City of San Jose v. Operating Engineers Local Union No. 3, supra*, 49 Cal.4th at p. 609.) "Exhaustion requires 'a full presentation to the administrative agency upon all issues of the case and at all prescribed stages of the administrative proceedings.' " (*Ibid.*) The doctrine has certain exceptions: The failure to exhaust an administrative remedy is excused if it is clear that exhaustion would be futile. (*Coachella Valley, supra*, 35 Cal.4th at p. 1080; *City and County of San Francisco v. International Union of Operating Engineers, Local 39* (2007) 151 Cal.App.4th 938, 947 [60 Cal.Rptr.3d 516].) "For the futility exception to apply, it is not sufficient that a party can show what the agency's ruling would be on a particular *issue or defense.*" (*Coachella Valley*, at p. 1081.) "Rather, the party must show what the agency's ruling would be ' "on a particular case" ' " before the court. (*Ibid.*)

### 2. *Analysis*

■ In construing a statute, "our primary task is to determine the Legislature's intent." (*Bode v. Los Angeles Metropolitan Medical Center* (2009) 174 Cal.App.4th 1224, 1236 [94 Cal.Rptr.3d 890].) We first examine the words used in the statute and "give them a plain and commonsense meaning. If the language is clear and unambiguous, there is no need for construction or for resort to indicia of the Legislature's intent." (*Id.* at pp. 1236–1237.) A statute's literal meaning "must be aligned with its purpose." (*Id.* at p. 1237.) Its meaning "may not be determined from a single word or sentence"; instead, "[t]he words must be construed in context, and provisions relating to the same subject matter or that are part of the same statutory scheme must be read together and harmonized to the extent possible." (*Ibid.*)

We must select a construction that best fits the Legislature's apparent intent, promotes instead of defeats the statute's general purpose, and avoids absurd or unintended consequences. (*Khajavi v. Feather River Anesthesia Medical Group* (2000) 84 Cal.App.4th 32, 46 [100 Cal.Rptr.2d 627].) The statute cannot be construed in a way that would make its provisions void or ineffective, especially if that would frustrate the underlying legislative purpose. (*Ibid.*)

Plaintiffs' interpretation of the statute would nullify the stated legislative purpose of providing primary jurisdiction in personnel boards for review of violations of the MMBA. Given that the City's ERB was created in 1971, before the establishment of PERB in 1975, when the Legislature acted in 2000 to expressly specify the means of review of decisions of PERB, the Legislature did not want to appear to nullify the powers of ERB. Consistent with this purpose, the word "[n]otwithstanding" that prefaces subdivision (d) of section 3509 does not operate to exempt ERB from the review provisions of section 3509, but is merely a recognition of ERB's continued autonomy as an employee relations board. This fact is recognized in the closing clause of subdivision (d), which states that ERB has the power to "issue determinations and orders as the employee relations commissions deem necessary, *consistent with and pursuant to the policies of this chapter.*" (§ 3509, subd. (d), italics added.) Thus, the provisions of section 3509, subdivisions (a) through (c), to the extent they delimit the jurisdiction of the courts vis-à-vis review of the actions of employee relations boards, apply equally to ERB except that those sections do nothing in derogation of ERB's powers.

For this reason, even if plaintiffs had exhausted their administrative remedies by pursuing their claims before ERB, plaintiffs could not have commenced their action in superior court to challenge ERB's ruling. Instead, pursuant to section 3509.5, subdivisions (b) and (c), they were required to commence a writ petition in the Court of Appeal within 30 days of the adverse decision. As a result, the trial court did not err in dismissing the action for lack of jurisdiction.[7]

## II. *Sanctions*

Local 18 cross-appeals the trial court's refusal to grant its motion for sanctions, contending that the court erred in refusing to award it sanctions for plaintiffs' frivolous action.

Code of Civil Procedure section 128.7 requires attorneys (or parties if they are unrepresented) to certify, through their signatures on documents filed with the court, that every pleading, motion or other similar paper presented to the court has merit and is not being presented for an improper purpose.

---

[7] We note that plaintiffs do not assert any one of the exceptions to the limitations on jurisdiction that permit mandamus review in superior court of employee relations board decisions as set forth in *International Assn. of Fire Fighters, Local 188, AFL-CIO v. Public Employment Relations Bd., supra,* 51 Cal.4th at page 271: plaintiffs have not asserted ERB's decision violates a constitutional right, exceeds ERB's authority, or is based on an erroneous statutory construction. In any event, to assert those exceptions, plaintiffs would need to establish as a threshold that they exhausted their administrative remedies prior to seeking review in the superior court.

(§ 128.7, subd. (b)(1)–(4); *Musaelian v. Adams* (2009) 45 Cal.4th 512, 516 [87 Cal.Rptr.3d 475, 198 P.3d 560].) If, after notice and a reasonable opportunity to respond, the court determines the certification was improper under the circumstances, it may impose an appropriate sanction. (§ 128.7, subd. (c).)

As we conclude that plaintiffs' complaint was not frivolous based upon their belief they had exhausted administrative remedies and that the jurisdictional limitations of section 3509 did not apply to ERB based upon the ambiguous language of subdivision (d), we decline to find that the trial court abused its discretion in refusing to award sanctions.

### DISPOSITION

The judgment is affirmed. The parties are to bear their own costs on appeal.

Mallano, P. J., and Chaney, J., concurred.