Filed 6/13/14  Glendale City Employees Assoc. v. PERB CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| GLENDALE CITY EMPLOYEES ASSOCIATION,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>PUBLIC EMPLOYMENT RELATIONS BOARD,<br><br>    Defendant and Respondent,<br><br>CITY OF GLENDALE,<br><br>    Real Party in Interest and Respondent. | B246938<br><br>(Los Angeles County Super. Ct. No. BS137172) |

APPEAL from an order of the Superior Court of Los Angeles County, Luis Lavin, Judge.  Affirmed.

Law Office of Jeffrey W. Natke and Jeffrey W. Natke for Plaintiff and Appellant.

M. Suzanne Murphy, General Counsel, Wendi L. Ross, Deputy General Counsel, and Mary Weiss, Senior Regional Attorney for Defendant and Respondent.

Liebert Cassidy Whitmore, Richard M. Kriesler, Adrianna E. Guzman and Alex Y. Wong for Real Party in Interest and Respondent.

# I.  INTRODUCTION

Plaintiff, Glendale City Employees Association, appeals from an order sustaining the demurrer to its first amended mandate petition alleging a violation of Government Code[1] section 3505.  Plaintiff alleges the real party in interest, City of Glendale (the city), engaged in unfair labor practices by not negotiating in good faith as required by the section 3505.  Plaintiff submitted a charge to defendant, the Public Employment Relations Board (the board).  The board's agent found the city was not negotiating in bad faith and refused to issue a complaint.  The board sustained its agent's findings and conclusions.  We affirm the order sustaining the demurrer to the first amended petition without leave to amend.

# II.  BACKGROUND

## A.  Allegations Concerning The Negotiations

Plaintiff represents non-sworn miscellaneous city employees.  It was established under the Meyers-Milias-Brown Act (the act).  The city is a public agency within the meaning of the act.  Between March 2010 and September 2010, the city and the plaintiff began negotiations concerning a successor memorandum of understanding.

All of the negotiations were conducted in 2010.  The negotiations began with an informal budget discussion in March.  On May 21, 2010, the city distributed its initial proposals.  The proposals consisted of:  a one-year term with no pay adjustments; three lower steps on the salary range; employees picking up 100 percent of medical insurance increases; and a 2 percent cost-sharing at age 60 retirement formula for new hires, up from 0.5 percent.  The city stressed the need to address the retirement situation.  The city was concerned with all the future retirements which needed funding.  The parties met

---

[1] Future statutory references are to the Government Code unless otherwise indicated.

2

again on June 2 and July 1 and 7.  The city contended it was in "a world of hurt" financially.  The city made a third proposal during the July 7 meeting.  However, there was no movement on material terms, such as:  medical cost-sharing; Public Employment Retirement System cost-sharing; and a two-tier retirement.  On July 13, 2010, plaintiff proposed a one-year package that included:  employees picking up 25 percent of medical increases; a two-tier retirement formula of 2 percent at age 55; employees paying an extra 0.25 percent of the city's portion of the retirement cost-sharing agreement; and adding three lower steps to the salary range.

On July 19, 2010, the city submitted its fourth proposal.  It was nearly identical to the initial offer, with some exceptions.  Employees would pay 75 percent of medical premium increases instead of 100 percent.  The city agreed to the retirement formula of 2 percent at age 55 with the condition it be the average of the three highest years instead of just the highest year.

On August 18, 2010, plaintiff presented a counter-proposal.  The one-year contract would include:  employees picking up 50 percent of medical increases; a two-tier retirement formula of 2 percent at age 55; employees paying an extra 0.75 percent of Glendale's portion of the retirement cost-sharing agreement; and adding three lower steps to the salary range.

On August 25, 2010, the city submitted its conditional last best final offer.  The city called the last offer conditional.  This was because the July 19 proposal would become the city's last best final offer if it was not accepted.  The city's last offer consisted of several terms, including:  a one-year term; no salary adjustments; adding three lower steps to the salary range; 50 percent cost sharing on medical increases; a two-tier retirement formula of 2 percent at age 55; adding 1.5 percent cost-sharing for the employer portion of the Public Employment Retirement System or a 1.5 percent base-salary decease if the change was not ratified; and agreeing to plaintiff's proposals for fiber optic and wastewater certification pay and a salary tie, subject to a $175,000 yearly cap.  In mid-September 2010, plaintiff's members rejected the city's last and final offer.

3

At the October 6, 2010 meeting, plaintiff recommended mediation because of the impasse. The city rejected mediation. On November 2, 2010, the city council imposed the July 19 proposal. Instead of the 1.5 percent increase in cost-sharing for the employer portion of the retirement plan, a 1.5 percent salary decrease was implemented. The wastewater certification and fiber optic pay and salary tie with the $175,000 cap were also not included in the city council action.

B.  Unfair Labor Practice Charge And The Board's Agent's First Dismissal Of Charges

Before analyzing the board's agent's conclusions, it is necessary to understand certain legal terminology applicable to labor-management negotiations under the act. The board's agent analyzed plaintiff's objections utilizing the terms bad faith or surface bargaining. The board's agent described the issue presented by plaintiff's charge which required resolution thusly: "Bargaining in good faith is a 'subjective attitude and requires a genuine desire to reach agreement.' (*Placentia Fire Fighters v. City of Placentia* (1976) 57 Cal.App.3d 9, 25 . . . .) [The board] has held it is the essence of surface bargaining that a party goes through the motions of negotiations, but in fact is weaving otherwise unobjectional conduct into an entangling fabric to delay or prevent agreement. (*Muroc Unified School District* (1978) PERB Decision No. 80.) Where there is an accusation of surface bargaining, [the board] will resolve the question of good faith by analyzing the totality of the accused party's conduct. The [b]oard weighs the facts to determine whether the conduct at issue 'indicates an intent to subvert the negotiating process or is merely a legitimate position adamantly maintained.' (*Oakland Unified School District* (1982) PERB Decision No. 275 . . . .)" The board's agent then proceeded to list a series of factors which were indicia of surface bargaining.

On March 14, 2011, plaintiff filed an unfair practice charge with the board against Glendale. Government Code section 3505 states, "The governing body of a public agency . . . shall meet and confer in good faith regarding wages, hours, and other terms and conditions of employment with representatives of such recognized employee

4

organizations . . . and shall consider fully such presentations as are made by the employee organization on behalf of its members prior to arriving at a determination of policy or course of action." Plaintiff alleges during the course of bargaining, the city rejected cost-cutting proposals and had no intent of reaching agreement. Plaintiff argues the city was negotiating in bad faith in violation of the act.

In a May 26, 2011 warning letter, the board's agent disagreed. The board's agent noted, "Where there is an accusation of surface bargaining, [the board] will resolve the question of good faith by analyzing the totality of the accused party's conduct." The board's agent found the city's hard line was not "etched in stone." The board's agent noted the city and plaintiff met at least nine times between March and September of 2010. The city presented to plaintiff four proposals, reached tentative agreement on some items and made some improvement in others. The board's agent concluded hard bargaining did not mean the city had no intention to reach an agreement.

Plaintiff also alleges the city engaged in regressive bargaining. The city allegedly regressed from its August 25 conditional last best final offer by implementing the July 19 proposal. The August 25 last offer contained proposals for caps on certification and fiber optic pay and a salary tie subject to a $175,000 cap. The July 19 proposal did not include these terms.

The board's agent found this allegation unpersuasive. The board's agent agreed the August 25 last offer included better terms than the July 19 proposal. But the board's agent concluded presence of one indicia of surface bargaining alone will not establish bad faith bargaining. The board's agent determined plaintiffs charge did not present a prima facie case. Plaintiff was granted leave to amend the charge.

C. Amended Charge And The Board's Agent's Second Dismissal

On June 30, 2011, plaintiff submitted its amended charge. Plaintiff accused the city of bargaining in bad faith in violation of section 3505. Plaintiff contended that evaluating surface bargaining claims required consideration of the totality of

circumstances. Plaintiff cited to the city's "'take-it-or-leave-it approach'" regarding cost-sharing for the employer's retirement rates.

Plaintiff also contended the cost-sharing arrangement for the retirement rates is a permissive subject of bargaining. Plaintiff maintained the terms of the cost-sharing arrangement would survive the expiration of the current memorandum of understanding and were thus not mandatory to negotiation. Plaintiff argued the city's insistence on an 1.5 percent employee contribution increase is a per se unfair practice.

Plaintiff noted the board's agent found the city engaged in regressive bargaining by imposing the July 19 proposal, which had worse terms than the August 25 last offer. Plaintiff argued the employer retirement rates coupled with the imposition of the July 19 proposal was sufficient to demonstrate bad faith bargaining.

On August 30, 2011, the board's agent dismissed plaintiff's charge. Regarding the city's insistence on the employer retirement rate cost-sharing being 2 percent, the board's agent found, "Insistence on a firm position is not necessarily evidence of bad faith because the law merely requires the parties to maintain a sincere interest in reaching an agreement." The board's agent found: the city drove a hard bargain; plaintiff did not allege facts indicating the city's financial concerns were not legitimate; and the city considered plaintiff's alternatives that would allow it to achieve long-term structural changes to compensation and retirement expenditures. The board's agent concluded, "Accordingly, under the 'totality of the conduct' test, the amended charge fails to allege facts showing the City engaged in surface bargaining."

Also, the board's agent found no facts demonstrating plaintiff objected to the city's request to modify the retirement cost-sharing agreement. The board's agent found: plaintiff responded with its own counterproposals on the cost-sharing and the parties continued to discuss modifying it throughout the negotiations ; the city presented plaintiff with a salary reduction proposal in lieu of modifying the retirement cost-sharing agreement; and merely requesting to negotiate a modification of the retirement cost-sharing agreement is not per se bad faith bargaining.

6

## D. The Board's Denial

On September 23, 2011, plaintiff appealed the board's agent's dismissal to the full board. Plaintiff appealed determinations that: the charges must show more than one indicia of surface or unfair bargaining in order for the board to issue a complaint; the city's hard bargaining did not constitute indicia of bad faith; and there were no facts in the record to show plaintiff raised an objection to the city's request to modify the retirement cost-sharing agreement. Plaintiff also argued the city was being punitive and retaliatory, including threats of layoffs, to extract bargaining concessions.

On April 18, 2012, the board issued its decision. (*City of Glendale* (2012) PERB Dec. No. 2251-M.)   The board found, "[T]he [b]oard['s] agent's warning and dismissal letters to be well-reasoned, adequately supported by the record and in accordance with the applicable law." The board declined to consider plaintiff's allegation that the city's bargaining conduct was retaliatory. The board found plaintiff raised this allegation for the first time on appeal without good cause.

## E. Plaintiff's Original Mandate Petition And The City's Demurrer

On June 18, 2012, plaintiff filed its mandate petition. Plaintiff sought an order directing the board to set aside its decision and issue a complaint. Under section 3509.5, subsection (a), "Any charging party, respondent, or intervenor aggrieved by a final decision or order of the board in an unfair practice case, except a decision of the board not to issue a complaint in such a case, . . . may petition for a writ of extraordinary relief from that decision or order." Plaintiff alleges that when the board refuses to issue a complaint, in a mandate proceeding, the trial court is limited to determining three issues. Those three issues are whether the board's decision: violates a constitutional right; exceeds a specific grant of authority; or is based on erroneous statutory construction. (*International Assn. of Fire Fighters, Local 188, AFL–CIO v. Public Employment Relations Bd.* (2011) 51 Cal.4th 259, 271 (*Fire Fighters*); *Singletary v. Local 18 of the*

7

*International Brotherhood of Electrical Workers* (2012) 212 Cal.App.4th 34, 43; *Williams v. Public Employment Relations Bd.* (2012) 204 Cal.App.4th 1119, 1125.) Plaintiff argues the board's decision was based on an erroneous statutory construction. Plaintiff alleges: regressive bargaining is sufficient by itself to state a claim for bad faith bargaining under section 3505; the city negotiated a permissive bargaining subject to impasse; it clearly objected to the proposed increases; and other facts support a prima facie case of bad faith, such as the city's take-it-or-leave-it approach, retaliation and intimidation.

On July 23, 2012, the city filed a demurrer. The city asserted plaintiff did not allege facts sufficient to trigger judicial review. The city argued plaintiff did not allege facts which sufficiently demonstrated the board's statutory construction was erroneous. The city contended plaintiff disputed the board's review of the factual allegations, not the interpretation of the act.

On August 21, 2012, the city's demurrer was sustained with leave to amend. The trial court noted that the board dismissed plaintiff's charge based on application of the law to the alleged facts. The trial court found no evidence suggesting an erroneous construction of the relevant statute.

F. Plaintiff's Amended Petition And Second Demurrer

On September 20, 2012, plaintiff filed its first amended mandate petition. Plaintiff alleges: the board's decision was based on an erroneous statutory construction; the board's agent's requirement of more than one indicia of surface or bad faith bargaining is an erroneous construction of the good faith requirement in section 3505; negotiation to impasse over a permissive bargaining subject was per se bad faith negotiating; the city's proposed increase in retirement cost-sharing was formally rejected it by membership vote; and the board's decision was the product of clear legal error. Plaintiff also argues the board's decision violated *Topanga Assn. For a Scenic Community v. County of Los Angeles* (1974) 11 Cal.3d 506, 515 (*Topanga*), "[The board's] decision violates *Topanga*

8

because it does not explain why the evidence of regressive bargaining and the evidence of discrimination and retaliation are, *together*, not sufficient to state a prima facie case under [section] 3505."

On October 25, 2012, the city demurred to the first amended petition. The city again argued plaintiff did not fit within an exception to the statutory prohibition in section 3509.5, subdivision (a). On December 7, 2012, the city's demurrer to the first amended petition was sustained without leave to amend. The trial court found none of the exceptions set forth in *Fire Fighters, supra*, 51 Cal.4th at page 271 applied. The trial court ruled it had no jurisdiction. On December 31, 2012, the judgment was entered. On February 7, 2013, plaintiff appealed.

## III. DISCUSSION

### A. Overview

On appeal from an order sustaining demurrer, we assume all the facts alleged in the complaint are true. (*Sheehan v. San Francisco 49ers, Ltd.* (2009) 45 Cal.4th 992, 998; *Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.) In addition, we consider judicially noticed matters. (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42; *Evans v. City of Berkeley, supra,* 38 Cal.4th at p. 6.) We accept all properly pleaded material facts but not contentions, deductions or conclusions of fact or law. (*Evans v. City of Berkeley, supra,* 38 Cal.4th at p. 6; *Serrano v. Priest* (1971) 5 Cal.3d 584, 591.) We determine de novo whether the first amended petition alleges facts sufficient to state a cause of action under any legal theory. (*Committee for Green Foothills v. Santa Clara County Bd. of Supervisors, supra,* 48 Cal.4th at p. 42; *McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.) We read the first amended petition as a whole and its parts in their context to give it a reasonable interpretation. (*Evans v. City of Berkeley, supra,* 38 Cal.4th at p. 6; *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) We may affirm an order sustaining a demurrer only if the

9

first amended mandate petition fails to state a claim under any possible legal theory. (*Sheehan v. San Francisco 49ers, Ltd., supra,* 45 Cal.4th at p. 998; *Fox v. Ethicon Endo– Surgery, Inc.* (2005) 35 Cal.4th 797, 810.)

## B. Plaintiff's Contentions

Plaintiff contends:  the trial court had jurisdiction to hear the mandate petition because of the board's erroneous statutory construction of section 3505; clear legal error is reviewable under *Fire Fighters*, *supra,* 51 Cal.4th at page 271; and the trial court should remand to the board to clarify its decision under *Topanga*, *supra,* 11 Cal.3d at page 515.  We disagree.  The trial court properly sustained the city's demurrer to the first amended mandate petition without leave to amend.

## C. *Fire Fighters* And Its Exceptions for Mandate Review

In *Fire Fighters*, *supra*, 51 Cal.4th at page 265, the union was negotiating with the City of Richmond to avoid layoffs.  The City of Richmond proceeded with its layoff decision and refused to bargain.  (*Ibid*.)  The union requested the board issue a complaint against the City of Richmond for violation of section 3505.  (*Ibid*.)  The board refused to issue a complaint because it concluded the City of Richmond's refusal to bargain did not violate state law.  (*Id.* at p. 266.)  The union filed a Code of Civil Procedure section 1085 mandate petition.  (*Ibid*.)  The trial court denied the mandate petition.  (*Ibid*.)  The trial court concluded it had jurisdiction to review the petition, but found layoff decisions were not within the scope of the act.  (*Ibid*.)  The Court of Appeal affirmed.  (*Ibid*.)

On the jurisdiction issue, our Supreme Court noted that generally under the act, the board's decision to decline to issue a complaint is not reviewable.  (*Fire Fighters*, *supra*, 51 Cal.4th at pp. 267-268.)  However, our Supreme Court held the Legislature did not preclude trial courts from exercising traditional mandate jurisdiction to consider challenges to these decisions.  (*Id.* at p. 271.)  Our Supreme Court held:  "[A] superior

10

court may exercise mandamus jurisdiction to determine whether [the board's] decision violates a constitutional right, exceeds a specific grant of authority, or is based on an erroneous statutory construction. We stress, however, that it remains true that a refusal by [the board] to issue a complaint under the [Meyers-Milias-Brown Act] is not subject to judicial review for ordinary error, including insufficiency of the evidence to support the agency's factual findings and misapplication of the law to the facts, or for abuse of discretion. Also, to avoid undue interference with the discretion that the Legislature has intended [the board] to exercise, courts must narrowly construe and cautiously apply the exceptions we here recognize. [Citations.]" (*Fire Fighters, supra,* 51 Cal.4th at p. 271; see *Singletary v. Local 18 of the International Brotherhood of Electrical Workers*, *supra*, 212 Cal.App.4th at p. 43; *Williams v. Public Employment Relations Bd.*, *supra*, 204 Cal.App.4th at p. 1125.)

Our Supreme Court described the clearly erroneous construction ground as follows: "[It] allows courts to correct a clearly erroneous construction of the [Meyers-Milias-Brown Act] by [the board] when that erroneous construction potentially affects a large class of cases and threatens to frustrate an important policy that the [Meyers-Milias-Brown Act] was enacted to further. Judicial review under this ground furthers the Legislature's purpose in creating the agency and defining the scope of its authority." (*Fire Fighters*, *supra*, 51 Cal.4th. at pp. 269-270.) Our Supreme Court analyzed the board's refusal to issue a complaint and determined it was not based on an erroneous construction of the act. (*Id*. at pp. 271-277.) Accordingly, the Supreme Court concluded the trial court had properly denied the union's mandate petition. (*Id*. at p. 277.)

## D. Erroneous Statutory Construction Argument

### 1. Good faith requirements

As noted, the board refused to issue a complaint pursuant to section 3509, subdivision (b) regarding plaintiff's unfair labor practice charge against the city. Plaintiff contends the board erroneously construed the good faith provision of section 3505. Section 3509, subdivision (b) provides, "The board shall apply and interpret unfair labor practices consistent with existing judicial interpretations of [the act.]"

Our Supreme Court held regarding good faith: "The duty to meet and confer in good faith is limited to matters within the 'scope of representation': the public employer and recognized employee organization have a 'mutual obligation personally to meet and confer promptly upon request by either party . . . and to endeavor to reach agreement on matters within the scope of representation prior to the adoption by the public agency of its final budget for the ensuing year.' (§ 3505.) Even if the parties meet and confer, they are not required to reach an agreement because the employer has 'the ultimate power to refuse to agree on any particular issue. [Citation.]' [Citation.] However, good faith under section 3505 'requires a genuine desire to reach agreement.' [Citation.]" (*Claremont Police Officers Assn. v. City of Claremont* (2006) 39 Cal.4th 623, 630; see *Fire Fighters*, *supra*, 51 Cal.4th at p. 271 [same].)

A Court of Appeal has held, "The question of good or bad faith is primarily a factual determination based on the totality of the circumstances [citations] . . . . [Citation.]" (*Placentia Fire Fighters v. City of Placentia, supra,* 57 Cal.App.3d at p. 25, citing *Nat. Lab. Relations Bd. v. Ins. Agents' Internat. Union* (1960) 361 U.S. 477, 498.) Generally, the board's decisions are entitled to deference and its interpretation of pertinent statutes will be followed unless clearly erroneous. (*Banning Teachers Assn. v. Public Employment Relations Bd.* (1988) 44 Cal.3d 799, 804; *Williams v. Public Employment Relations Bd.* (2012) 204 Cal.App.4th 1119, 1127.) We will thus defer to the board's interpretations absent a showing of clear error. The board generally employs

a totality of conduct test to determine whether an employer engaged in good faith bargaining. (*Oakland Unified School District, supra,* PERB Dec. No. 275 [1982 Cal. PERB LEXIS 27, p. 16]; *Pajaro Valley Unified School District* (1978) PERB Dec. No. 51 [1978 Cal. PERB LEXIS 3, p. 4].)

## 2. One indicia of bad faith bargaining

Plaintiff argues the board's construction of "good faith" under section 3505 was clearly erroneous and the first amended petition was thus sufficient to survive a demurrer. However, plaintiff provides no argument that the board's interpretation of "good faith" was incorrect. Under the totality of conduct test, regressive bargaining constitutes one indicia of surface or bad faith bargaining. (*Chino Valley Unified School District* (1999) PERB Dec. No. 1326 [1999 Cal. PERB LEXIS 27, pp. 5-6].) The presence of one indicia of surface bargaining alone does not necessarily establish a violation of section 3505. (*Oakland Unified School District* (1996) PERB Dec. No. 1156 [1996 Cal. PERB LEXIS 31, p. 2.)

Plaintiff contends the decision in *City of San Jose* (2013) PERB Dec. No. 2341-M [2013 Cal. PERB LEXIS 40, pp. 29-30] contradicts the board's decision here. In *City of San Jose*, *supra*, the board concluded rigid adherence to the rule that one indicia of bad faith is insufficient to issue a complaint is improper under a totality of the circumstances test. (*Ibid.*) One indicia of surface or bad faith bargaining, depending on its scope, may be enough to warrant the filing of a complaint. However, there is no evidence the board did not apply the totality of conduct test here. The board's agent found one regressive bargaining allegation was the difference between the August and July terms. The city's August 25 last offer contained proposals for certification and fiber optic pay and a salary tie subject to a $175,000 annual cap. The board's agent cited the totality of conduct test when addressing the original and amended charges. The board's agent concluded this one indicia of bad faith bargaining was insufficient to warrant issuing a complaint.

13

As noted, our Supreme Court held that good faith negotiations under section 3505 required a genuine desire to reach agreement. (*Fire Fighters*, *supra*, 51 Cal.4th at p. 271; see *Association of Orange County Deputy Sheriffs v. County of Orange* (2013) 217 Cal.App.4th 29, 39.) One Court of Appeal, citing a United States Supreme Court case, held good faith is a factual determination based on the totality of the conduct. (*Placentia Fire Fighters v. City of Placentia*, *supra*, 57 Cal.App.3d at p. 25.) Having cited the totality of the conduct test, the board concluded plaintiff's allegation of one indicia of bad faith bargaining was insufficient. Plaintiff's disagreement with the board's application of the law to the allegations is at most non-reviewable ordinary error. (*Fire Fighters*, *supra*, 51 Cal.4th at p. 271; *Singletary v. Local 18 of the International Brotherhood of Electrical Workers*, *supra*, 212 Cal.App.4th at p. 43; *Williams v. Public Employment Relations Bd.*, *supra*, 204 Cal.App.4th at p. 1125.)

In a supplemental brief, the board requests we remand this case to it for reconsideration of its decision. The board contends its decision in *Oakland Unified School District*, *supra*, that one indicia was not sufficient to demonstrate surface bargaining, was too rigid a rule. The board requests remand so that it can determine whether its agent would reach a different result as elucidated in *City of San Jose*, *supra*. We respect the board's decision-making process including the right to change its position and adopt new rules. However, at the time of the trial court's decision, the board's position was one indicia of surface bargaining was not enough under the totality of the conduct test. The board applied its prior position properly. Even though the board concedes possible error now, this would amount at most to an error in application of the law, which, as noted, is not reviewable. (*Fire Fighters*, *supra*, 51 Cal.4th at p. 271; *Singletary v. Local 18 of the International Brotherhood of Electrical Workers*, *supra*, 212 Cal.App.4th at p. 43; *Williams v. Public Employment Relations Bd.*, *supra*, 203 Cal.App.4th at p. 1125.) The trial court correctly ruled as it did.

Further, the city would be prejudiced by such a remand. The city was repeatedly advised by the board's agent of his position. There is nothing in the record that indicates the city took any action at all during the administrative process. The city then litigated, at

14

some expense, this matter in the trial court based on the board's position. And, the matter was briefed on appeal based on the board's position.  Thus, it would be unfair to remand the case after the city has detrimentally relied on the board's position in now 2 years, 11 months of litigation here and in the trial court.  Further, in the administrative process, the city took no steps to develop the record differently in light of the board's expressed position and that of its agent.  None of our comments in this regard are meant as any criticism of the board.  We respect its right to change its analysis on matters within its purview. We respectfully decline to reverse the trial court's considered judgment on the new grounds asserted by the board for the first time after briefing was completed.

### 3.  Allegations concerning the alleged take-it-or-leave-it approach

Plaintiff argues the city adopted a "take-it-or-leave-it" approach regarding greater retirement cost-sharing which was sufficient to demonstrate bad faith bargaining.  A "take-it-or-leave-it" approach demonstrates an indicia of bad faith bargaining under the totality of conduct test.  (*General Electric Co.* (1964) 150 NLRB 192, 194.)  However, the board found the city did not adopt a take-it-or-leave-it approach.

The board concluded a firm position is not bad faith.  (See *Public Employees Assn. v. Bd. of Supervisors* (1985) 167 Cal.App.3d 797, 805-806 ["the mere fact that County adamantly insisted on its bargaining position . . . does not suffice to render it guilty of refusal to bargain"]; *Placentia Fire Fighters v. City of Placentia*, *supra*, 57 Cal.App.3d at pp. 22-23 ["The 'right to remain firm' is thus established as the corollary to the duty to bargain in good faith.  No mandatory duty to agree is imposed by the Meyers-Milias-Brown Act and the 'right to remain firm' has been implicitly recognized . . ."].)  The board ruled:  "[T]he duty to bargain does not compel either party to make concessions. Insistence on a firm position is not necessarily evidence of bad faith because the law merely requires the parties to maintain a sincere interest in reaching an agreement, and even if the reasons for insisting on a particular position or contract term are questionable, if the belief is sincerely held it may be maintained even if it produces a stalemate.

15

[Citations.]  The obligation to bargain in good faith merely requires the parties to explain the reasons for a particular bargaining position with sufficient detail to 'permit the negotiating process to proceed on the basis of mutual understanding.'  [Citation.]"

Based on the allegations, the board found the city explained the reasons for the proposed changes to the retirement cost-sharing-funding future retirements and maintaining the system.  The board found this was not indicative of bad faith bargaining.  The board accepted as true plaintiff's allegations but reached a different factual conclusion.  Even if the board's conclusion was erroneous, it amounted at most to ordinary error, which is not subject to judicial review.  (*Fire Fighters*, *supra*, 51 Cal.4th at p. 271; *Singletary v. Local 18 of the International Brotherhood of Electrical Workers*, *supra*, 212 Cal.App.4th at p. 43; *Williams v. Public Employment Relations Bd.*, *supra*, 204 Cal.App.4th at p. 1125.)  Thus, the trial court did not err on this ground.

4.  Negotiations to impasse concerning a permissive bargaining subject

Plaintiff argues the city's effort to negotiate the terms of the cost-sharing retirement plan agreement amounts to per se bad faith bargaining.  As noted, plaintiff alleges the cost-sharing retirement plan agreement was not a mandatory part of the negotiations.  The board has found per se violations include making an impasse finding based on non-mandatory subjects of bargaining.  (*Southwest Teachers Association* (1990) PERB Dec. No. 815 [1990 Cal. PERB LEXIS 35, p. 8, fn. 6].)  However, the board has also found parties may negotiate over the inclusion of permissive bargaining subjects. (*San Mateo Community College District* (1993) PERB Dec. No. 1030 [1993 Cal. PERB LEXIS 70, p. 20]; *Chula Vista City School District* (1990) PERB Dec. No. 834 [1990 Cal. PERB LEXIS 90, pp. 30-31].)  The board has held a party may not insist upon acceptance of proposals concerning permissive bargaining subjects if the union clearly and expressly refuses to bargain.  (*Lake Elsinore School District* (1986) PERB Dec. No. 603 [1986 Cal. PERB LEXIS 51, pp. 6-7].)  Parties may modify permissive bargaining

16

subjects.  (*Eureka City School District* (1992) PERB Dec. No. 955 [1992 Cal. PERB LEXIS 54, p. 21].)

The board found the city did not negotiate to impasse concerning the retirement plan cost-sharing.  The board found no alleged facts indicating plaintiff objected to the city's requests to modify the cost-sharing agreement.  The city presented alternatives to modifying the cost-sharing agreement, namely a salary reduction.  Disagreement between plaintiff and the board's conclusions amount at most to ordinary error which is not judicially reviewable.  (*Fire Fighters*, *supra*, 51 Cal.4th at p. 271; *Singletary v. Local 18 of the International Brotherhood of Electrical Workers*, *supra*, 212 Cal.App.4th at p. 43; *Williams v. Public Employment Relations Bd.*, *supra*, 204 Cal.App.4th at p. 1125.)  Thus, the trial court did not err on this ground.

### C.  *Topanga* is inapplicable

Plaintiff argues it is entitled to a remand order to have the board clarify a purportedly ambiguous and conflicting decision.  Plaintiff relies upon the holding in *Topanga*, *supra*, 11 Cal.3d at page 515 which concludes, "[I]mplicit in [Code of Civil Procedure] section 1094.5 is a requirement that the agency which renders the challenged decision must set forth findings to bridge the analytic gap between the raw evidence and ultimate decision or order."  (See *Environmental Protection Information Center v. California Dept. of Forestry & Fire Protection* (2008) 44 Cal.4th 459, 516.)  Assuming Code of Civil Procedure section 1094.5 applies, there is nothing ambiguous or conflicting about the board's comprehensive decision.  The findings are more than adequate. (*Environmental Protection Information Center v. California Dept. of Forestry & Fire Protection*, *supra*, 44 Cal.4th at pp. 516-517; *West Chandler Boulevard Neighborhood Assn. v. City of Los Angeles* (2011) 198 Cal.App.4th 1506, 1521; *Save Our Carmel River v. Monterey Peninsula Water Management Dist.* (2006) 141 Cal.App.4th 677, 701.)

Also, the present case does not involve agency conduct or a hearing.  As a result, the mandate petition was brought pursuant to Code of Civil Procedure section 1085.  A

17

Court of Appeal has held: "Where a petition challenges an agency's failure to perform an act required by law rather than the conduct or result of an administrative hearing, the remedy is by ordinary mandate pursuant to Code of Civil Procedure section 1085, not by administrative mandate pursuant to section 1094.5. [Citation.]" (*Conlan v. Bonta* (2002) 102 Cal.App.4th 745, 752; see *Hagopian v. State* (2014) 223 Cal.App.4th 349, 373 [same].) As noted, plaintiff filed a mandate petition pursuant to Code of Civil Procedure section 1085. No petition was filed pursuant to Code of Civil Procedure section 1094.5. No administrative hearing was held. (See *Williams v. Public Employment Relations Bd.*, *supra*, 204 Cal.App.4th at p. 1130 ["A [board] agent handling a[n] [unfair labor practice] charge does not hold a hearing and accepts as true the allegations in the charge; the agent does not make factual findings."].) Accordingly, *Topanga* and its related jurisprudence is inapplicable in this case.

## IV. DISPOSITION

The order sustaining the demurrer to the amended mandate petition without leave to amend is affirmed. Defendant, the Public Employment Relations Board, and real party in interest, City of Glendale, shall recover their appeal costs from plaintiff, Glendale City Employees Association.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

I concur:

KRIEGLER, J.

18

Glendale City Employees Assn. v. Public Employment Relations Board, et al.
B246938

MOSK, J., Dissenting

I dissent.

The court in *Singletary v. International Brotherhood of Electric Workers, Local 18* (2012) 212 Cal.App.4th 34, 43 summarized the applicable law as follows: "[T]he statutory bar against judicial review of a decision by PERB [Public Employment Relations Board] not to issue a complaint is subject to three exceptions in the case of PERB's decision not to issue an unfair practice complaint. (*International Assn. of Fire Fighters, Local 188, AFL-CIO v. Public Employment Relations Bd.* (2011) 51 Cal.4th 259, 271 [120 Cal.Rptr.3d 117, 245 P.3d 845].) A superior court may exercise mandamus jurisdiction to determine whether a decision (1) 'violates a constitutional right,' (2) 'exceeds a specific grant of authority,' or (3) 'is based on an erroneous statutory construction.' However, in order to avoid undue interference with the discretion the Legislature has granted PERB, the exceptions are to be narrowly construed. (*Ibid.*) 'We stress, however, that it remains true that a refusal by PERB to issue a complaint under the MMBA is not subject to judicial review for ordinary error, including insufficiency of the evidence to support the agency's factual findings and misapplication of the law to the facts, or for abuse of discretion.' (*Ibid.*)"

Following petitioner's amended complaint that PERB refused to issue a complaint against the City of Glendale (City) for an unfair labor practice—the refusal to bargain in good faith—the trial court sustained the demurrer on the sole ground that the amended complaint did not satisfy any of the exceptions that would permit judicial review of PERB's decision not to issue a complaint and therefore the court had no jurisdiction. Petitioner has alleged that at least one indicia of a prima facie showing of an unfair labor

practice—the City's failure to "meet and confer in good faith" (Gov. Code, § 3505)—entitled plaintiff to the issuance of a complaint by, and hearing before, PERB to determine if there was such a violation.  Petitioner alleges that the regional PERB attorney found that the City's regressive bargaining was evidence of bad faith bargaining, but PERB refused to issue a complaint based on its erroneous construction of Government Code section 3505 that one indicia of bad faith bargaining no matter how severe is insufficient to result in a complaint.  Petitioner alleged that PERB construed the "good faith" language under section 3505 to mean that one indicia of bad faith bargaining alone will not establish bad faith bargaining.

Thus, petitioner has alleged that the decision by PERB is based on an erroneous statutory construction—one of the three exceptions allowing judicial review.  As Justice Baxter said in his dissent in *International Assn. of Fire Fighters, Local 188, AFL-CIO v. Public Employment Relations Bd., supra,* 51 Cal.4th at page 282, which opinion set forth the three exceptions, "Under the majority's broadly worded holding, an aggrieved party need only allege that PERB's refusal to issue a complaint was based on 'an erroneous statutory construction . . . of any of the MMBA's provisions in order to secure equitable judicial writ review in the Superior Court of a PERB  decision not to issue a complaint.'"

That is precisely the nature of the allegations here.  Moreover, the allegations have merit.  If the City does one act that is contrary to bargaining in good faith, it seems reasonable to conclude that there is a prima facie case that it is not bargaining in good faith.  Petitioner has alleged three distinct acts of bad faith bargaining, any one of which could be sufficient to establish such bad faith:  regressive bargaining; a "take it or leave it" approach to greater retirement cost sharing; and bargaining to an impasse over employers PERB rates.  As petitioner points out, it would be anomalous that if PERB determines there is no prima facie case—sort of like a summary judgment—there would be limited review under *International Assn. of Fire Fighters, Local 188, AFL-CIO v. Public Employment Relations Bd., supra,* 51 Cal.4th 259, but full appellate review, by way of a writ proceeding, if the matter proceeds to an evidentiary hearing.  (Gov. Code, § 3509.5.)

2

Having pleaded an erroneous statutory construction, petitioner ought to be able to obtain judicial review of whether PERB's interpretation is correct and whether petitioner has pleaded a prima facie case under its interpretation of the statute. Accordingly, I would reverse the judgment.


MOSK, J.